### 36043. PENDERGRASS v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of the murder of Camilla Jones, and she was sentenced to life imprisonment. We affirm.

Evidence introduced by the state showed that the appellant's daughter and the victim had been involved in an altercation on the day of the murder. Elvyn Peebles, who was the appellant's boyfriend, testified that he heard gunshots coming from the victim's house that night. He saw the appellant coming out of the back door, and he went inside the house and found the victim lying on the floor, dead. Peebles testified that he could not calm the appellant down or get her to tell him what had happened. Peebles further testified that he wrapped the victim's body in a spread and took it to an area where it was later found.

Peebles was initially arrested for the murder. However, he told the police that the appellant had committed the murder, and he agreed to testify against her. The bullet recovered from the victim's body was shown to have been fired from a gun owned by the appellant. The appellant was subsequently indicted for the murder. Initially, the appellant told the police that she had fired the pistol on her back porch on the night the victim was shot. The appellant later gave a written statement to the police in which she maintained that Peebles had come to her house and told her that he shot the victim, and she saw him take the body and put it in the trunk of his car. However, the appellant later gave another written statement to the police in which she denied knowing anything about the murder, but she admitted seeing Peebles on the night of the murder and she said he was acting funny.

The foregoing statements made by the appellant were admitted in evidence after the trial court conducted

a Jackson v. Denno hearing outside of the jury's presence and determined that the appellant made the statements freely and voluntarily after being advised of her Miranda rights. The trial court charged the jury that alleged statements by the defendant had been admitted in evidence and before considering these alleged statements, they had to determine (1) whether the appellant was warned of her constitutional rights and clearly understood and knowingly gave up those rights, and (2) whether the statements were freely and voluntarily given. The trial court further charged the jury that they should consider with great caution evidence of any admission or incriminatory statement.

1. In the first and fourth enumerations of error, the appellant argues that the trial court erred in admitting these statements made by her, and in charging the jury concerning them, because they constitute neither confessions, admissions, nor incriminatory statements. We disagree. In our opinion, the jury was fully authorized to conclude that these statements made by the appellant were incriminatory admissions.

"An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt." *Riley v. State,* 1 Ga. App. 651, 654 (57 SE 1031) (1907). An acknowledgment by the defendant that he was present at or near the scene of the crime, while not a confession, can be found by the jury to be incriminatory in light of other facts. *Kidd v. State,* 101 Ga. 528 (3) (28 SE 990) (1897); *Dumas v. State,* 63 Ga. 600 (7) (1879). One circumstance which the jury could have properly taken into consideration in determining that the statements made by the appellant were incriminatory was that the statements were contradictory. See *Shellman v. State,* 157 Ga. 788 (2) (122 SE 205) (1924). Statements which are intended to be exculpatory may, nonetheless, be found to be inculpatory. "Declarations made with an exculpatory object may have an inculpatory effect." *Fletcher v. State,* 90 Ga. 468 (3) (17 SE 100) (1892).

Here, the court did not charge the jury that the statements made by the appellant were incriminatory. It

properly left that to the jury's determination. Consequently, we find no error in the charge. *Nair v. State,* 236 Ga. 892 (2) (226 SE2d 61) (1976) and cits.

2. In the second enumeration of error, the appellant argues that the introduction of these statements violated her Fifth Amendment right to remain silent, because she chose not to testify at trial. This argument is patently without merit. By making the statements knowingly and voluntarily after being advised of her constitutional rights, the appellant waived her right to remain silent. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

3. In the third enumeration of error, the appellant asserts that the trial court erred in charging the jury on the law of confessions. This assertion is untrue. A review of the transcript reveals that nowhere in the charge to the jury did the trial court use the term "confession"; nor did the trial judge charge the jury on the law of confessions.

4. In the final enumeration of error, the appellant argues that the evidence is insufficient to support the verdict. We disagree. We hold that a rational factfinder could have found the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1980 — DECIDED
APRIL 9, 1980.

*Jerry Boykin, Thomas M. Jackson,* for appellant.
*H. R. Thompson, District Attorney, Richard A. Malone, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.