### 69823. COOPER v. THE STATE.
(330 SE2d 402)

DEEN, Presiding Judge.

The appellant, Larry Cooper, was tried and convicted for violation of the Georgia Controlled Substances Act, reckless driving, driving without a license, and attempting to elude a police officer. On appeal, Cooper enumerates alleged error at a pretrial hearing on a motion to suppress as well as the trial.

Around noon on January 3, 1984, while conducting a license check in Butts County, two state troopers observed a yellow 1976 Cadillac containing three occupants approach within 300 yards of the checkpoint and then pull over to the side of the road. The troopers signalled for the car to continue towards the checkpoint; the vehicle proceeded forward, as commanded, until it was within 125 yards of the troopers, when the vehicle was put into reverse gear and hastily

backed down the road and over a hill, causing other vehicles to swerve to avoid a collision. One trooper was able to identify the appellant as the driver of the vehicle because of his Afro hair style. (One passenger had a slick head and the other wore a baseball cap.) Both troopers separately pursued the fleeing vehicle over the hill and shortly discovered it backed onto another road, with both doors open. The vehicle bore a Florida license plate. The appellant and the two passengers were running from the scene, and the two troopers chased after them and eventually apprehended the appellant and one of the passengers. It was further adduced at the trial, although not at the pretrial hearing on the motion to suppress, that the vehicle was actually situated in the middle of the intersecting side road. While transporting the appellant from the scene to the local police department, and before any *Miranda* warnings had been given, one trooper asked the appellant why he and his cohorts had run, and the appellant indicated that he had no driver's license.

After the two troopers apprehended the appellant, they noticed on one seat of the 1976 Cadillac a set of scales and a box of Ziploc bags. The vehicle was subsequently impounded and an inventory search was conducted. The police department ascertained that the actual owner of the vehicle was a Florida resident, and upon contacting the owner the police obtained his permission to search the trunk. (This fact of consent also was not mentioned during the pretrial hearing.) Upon opening the trunk, the searchers observed two large bags from which protruded what appeared to be several plastic baggies. Further inspection discovered approximately 40 pounds of marijuana stored in baggies inside the two large bags. *Held*:

1. Asserting that the impound and inventory search of the 1976 Cadillac was unreasonable and unwarranted in this case, the appellant contends that the trial court should have suppressed the seized marijuana as the product of an illegal search. See *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983); *State v. Darabaris*, 159 Ga. App. 121 (282 SE2d 744) (1981). However, by abandoning the vehicle on a public street, after being pursued by police bolstered with probable cause to arrest (at least for reckless driving and attempting to elude a police officer), the appellant lost any reasonable right to privacy in and any constitutional protection against the search and seizure of the vehicle. *Whitlock v. State*, 124 Ga. App. 599, 602 (185 SE2d 90) (1971); *Jefferson v. State*, 136 Ga. App. 63 (220 SE2d 71) (1975). The trial court therefore correctly denied the motion to suppress.

2. The appellant also contends that his statement to one trooper that he was the driver and that he had run because he had no driver's license was inadmissible, since he had not yet been advised of his *Miranda* rights, and that, because the involuntary admission had no pro-

bative value, the evidence was insufficient to support the verdict. See *McKennon v. State*, 63 Ga. App. 466 (11 SE2d 416) (1940). This argument presumably addresses the appellant's convictions for driving without a license, reckless driving, and attempting to elude a police officer. It also either ignores or seeks to obfuscate the testimony of one of the two state troopers, who indicated that the appellant was identifiable as the driver of the vehicle by his physical appearance, i.e., the Afro hair style. This testimony sufficiently identified the appellant as the driver, exclusive of any verbal admission by the appellant.

We find no error in the admission of the testimony relating the incriminating statement, because the appellant failed to object properly. During the trial, in response to questions asked by both the prosecutor and counsel for the appellant, one of the state troopers testified that the appellant had, in response to questions asked by the other trooper, admitted to being the driver and having no license. No objection to the testimony was entered. Subsequently, during the examination of the trooper who had questioned the appellant, counsel for the appellant did object to any further questioning along that line, and the objection was sustained. However, no motion was made to strike the previous testimony, and in subsequently moving for directed verdict of acquittal on these driving offenses, counsel for appellant did not address the issue of voluntariness; rather, counsel merely argued that the incriminating statement was the only credible evidence identifying the appellant as driver and alone could not support a conviction.

Under these circumstances, the appellant waived any objection to the admission of his incriminating statement. Absent a proper objection and any evidence that the appellant's statement was involuntary, the admission of the statement was not error. See *Taylor v. State*, 143 Ga. App. 881 (240 SE2d 236) (1977); *Dent v. State*, 243 Ga. 854 (257 SE2d 241) (1979). Moreover, the statement would have lacked probative value only if it had been shown without dispute that the statement was not made freely and voluntarily. *McKennon v. State*, supra.

3. The trial court did not err in allowing, over the appellant's objection, an investigator to read from an inventory list he compiled of the items found during his search of the vehicle driven by the appellant. OCGA § 24-9-69 provides that "[a] witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed or shall be willing to swear positively from the paper." See also *Brown-Rogers-Dixson Co. v. Southern Railway Co.*, 79 Ga. App. 449 (53 SE2d 702) (1949). The witness in this case in effect swore positively from the list, and the trial court properly allowed the testimony. *Shouse v. State*, 231 Ga. 716 (203 SE2d 537) (1974).

4. The trial court also admitted into evidence over objection what appeared to be a gun clip holder that was found during the search of the vehicle. The appellant contends that the article should have been excluded on the basis that it was irrelevant. The appellant, however, misplaces his reliance on the general proposition that evidence of other crimes is inadmissible unless its relevance outweighs its prejudicial effect; the gun clip simply was not evidence of other crimes. Because firearms are often associated with the illicit distribution of large amounts of controlled substances, we are unable to consider the gun clip so lacking in relevance as to be inadmissible.

5. During the trial, the court asked the investigator, who had searched the vehicle and seized the marijuana, a few questions pertaining to the chain of custody of the seized contraband. The appellant now contends that the trial court's brief interrogation of the witness was prosecutorial and "highly prejudicial and inflammatory to the minds of the jurors." However, the appellant failed to object to the trial court's examination of the witness at the trial, and the matter thus was not preserved for review by this court. *Almond v. State*, 128 Ga. App. 758 (197 SE2d 836) (1973); *Thomas v. State*, 158 Ga. App. 97 (279 SE2d 335) (1981). Moreover, a trial court has the right to propound questions to develop the truth of the case, and the extent of the interrogation in this case was well within the discretion allowed the trial court. *Eubanks v. State*, 240 Ga. 544 (242 SE2d 41) (1978).

6. In delivering the charge to the jury, the trial court inadvertently stated that the appellant had pleaded guilty to the offenses with which he was charged. Immediately counsel for the appellant pointed out the error, and the trial court retracted his slip of the tongue and correctly stated that the appellant had pleaded not guilty. This certainly was a sufficient curative measure. See *Johnson v. State*, 148 Ga. App. 702 (252 SE2d 205) (1979).

7. During the pretrial hearing on the motion to suppress, the trial court allowed the prosecutor to ask a police officer what did a car with a "weighted back end," and scales and baggies inside, generally indicate. Counsel for the appellant correctly noted at that time that no factual foundation had been presented for the hypothetical "weighted back end," and the trial court should have disallowed the question. Nevertheless, the question was raised at the suppression hearing to determine the legality of the search and seizure, and was of no consequence to the eventual determination that the appellant had abandoned the vehicle. The appellant has not shown how this question, which was not before the jury, resulted in reversible trial error, and this enumeration is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1985.

*Deborah Whitmore Hicks*, for appellant.
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.