A95A0426. PORCHE v. THE STATE.
(457 SE2d 578)

RUFFIN, Judge.

Edward Porche appeals his convictions of possession of marijuana, driving under the influence of alcohol and making an improper U-turn.

The record shows that Porche was attempting to make a U-turn on railroad tracks when his car got stuck in an adjacent ditch. Porche and his companion got out of the car, and shortly thereafter the car was struck by an approaching train. A police officer arrived approximately 15 minutes later and found Porche with a strong odor of alcohol on his breath, glossy eyes and unsteady in his movements. The officer administered an alco-sensor test which was positive for alcohol, placed Porche under arrest and read to him his implied consent rights. Porche refused to submit to a blood alcohol test, and after being placed in the back seat of the patrol car, he began yelling "they're trying to plant weed on me." The officers looked in the back of the patrol car and found six individual packs of marijuana and loose marijuana leaves on the floorboard.

1. Porche asserts the trial court erred in excluding from evidence the alco-sensor test results. Porche contends he passed the test and that the results showing this should have been admitted. Since the record shows Porche tested positive for alcohol, we can only assume he is arguing the trial court should have admitted the quantitative result which measured .02 grams percent of alcohol.

" '[A]lco-sensor results are not used as "evidence of the amount of alcohol or drug in a person's blood." (Cit.) Instead, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under

the influence of alcohol. (Cit.)' [Cit.]" *Keenan v. State*, 263 Ga. 569, 571 (2) (436 SE2d 475) (1993). Since Porche was attempting to use the results to show the amount of alcohol in his blood and such results are not admissible for that purpose, the trial court did not err in excluding such evidence. See *Mendoza v. State*, 196 Ga. App. 627 (2) (396 SE2d 576) (1990).

2. Porche also asserts the trial court abused its discretion by questioning a witness in a manner which laid the proper foundation for the admission of evidence. We note initially that in violation of Court of Appeals Rule 15 (c) (3), Porche failed to cite to any portion of the record or transcripts where the alleged improper questioning could be found. While "[t]his court will not cull the record on behalf of either the State or appellants[,] [cit.]" *Clayton v. State*, 203 Ga. App. 843, 845 (4b) (418 SE2d 610) (1992), our review of the record revealed two instances where the trial judge questioned a State's witness. In each instance, Porche "failed to object to the trial court's examination of the witness at the trial, and the matter thus was not preserved for review by this court. [Cits.] Moreover, a trial court has the right to propound questions to develop the truth of the case, and the extent of the interrogation in this case was well within the discretion allowed the trial court. [Cit.]" *Cooper v. State*, 174 Ga. App. 464, 467 (5) (330 SE2d 402) (1985). Accordingly, we find no error.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED APRIL 25, 1995.

*Rodney M. Keys,* for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney,* for appellee.