## A99A1598. BYRD v. THE STATE.
(523 SE2d 578)

MILLER, Judge.

A jury convicted James Byrd of driving under the influence of alcohol to the extent that he was a less safe driver.[1] In his sole enumeration of error, Byrd argues the evidence was insufficient to support his conviction because there was no evidence that his driving ability was impaired. We affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and Byrd no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in this light, the evidence showed that as the arresting officer was driving to a patrol post, he passed Byrd driving a vehicle and observed that Byrd was not wearing his seatbelt. The officer also noticed that Byrd's face "looked puffy" and that his "eyes were red [and] glossy." While the officer was turning his vehicle around to stop Byrd, Byrd quickly turned behind a closed store, parked his car, and exited the vehicle. The officer stopped him, and they returned to Byrd's vehicle. The officer smelled alcohol on Byrd, who admitted that he had drunk a beer. An alco-sensor test at the scene indicated the presence of alcohol on Byrd's breath. The officer placed Byrd under arrest and transported him to the jail. While traveling to the jail, Byrd became violent and verbally abusive toward the officer. At the jail, Byrd twice refused to take a designated breath test.

OCGA § 40-6-391 (a) (1) provides that it is unlawful for a person to drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that the person is a less safe driver. Police officers may offer opinion testimony that the defendant was a less safe driver.[3]

Here, the arresting officer testified that Byrd smelled of alcohol, that he "looked like he was intoxicated," that Byrd engaged in furtive conduct,[4] that he tested positive on the alco-sensor, that he behaved violently after his arrest,[5] that he admitted to drinking alcohol, and

---

[1] See OCGA § 40-6-391 (a) (1).

[2] *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Waits v. State*, 232 Ga. App. 357, 358 (1) (501 SE2d 870) (1998); *Church v. State*, 210 Ga. App. 670, 671 (2) (436 SE2d 809) (1993).

[4] *Castillo v. State*, 232 Ga. App. 354, 357 (502 SE2d 261) (1998) (furtive conduct at approach of law officers reflects consciousness of guilt).

[5] *Heath v. State*, 229 Ga. App. 69, 70 (493 SE2d 225) (1997) (belligerent behavior may be a sign of intoxication).

that he refused the breath test.[6] The officer also testified, based on his experience in DUI cases, that Byrd was driving under the influence of alcohol and that his driving ability was impaired by alcohol to the extent that he was a less safe driver. A rational trier of fact could have found beyond a reasonable doubt that Byrd was guilty of driving under the influence of alcohol to the extent that he was a less safe driver.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 14, 1999.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Robert C. Powell,* for appellant.

*Richard W. Shelton, Solicitor,* for appellee.

---

[6] OCGA § 40-6-392 (d) (refusal to take breath test is admissible as evidence of guilt).