## A03A2467. SWENEY v. THE STATE.
(593 SE2d 12)

JOHNSON, Presiding Judge.

A jury found Charles Sweney guilty of burglary. Sweney appeals, alleging the evidence was insufficient to support his conviction and the trial court erred in allowing the state to play a tape recording of the 911 call. We find no error and affirm Sweney's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Sweney drove himself and two friends to a building used by Wade Cleaners for storage. Sweney left the van and went to the back of the storage building. After about ten to twenty minutes he returned and placed carpets that belonged to Wade Cleaners in the van. One of Wade Cleaners' owners testified that the carpets found in Sweney's van belonged to Wade Cleaners and were secured in the building.

A neighboring resident called 911 and reported men stealing carpets from the Wade Cleaners' storage building. The caller described what was occurring as he watched and directed the police to the men through his discussion with the 911 operator. When police arrived at the scene, Sweney jumped over a fence and hid, but police found him. Sweney refused to give his name and date of birth. Sweney and one of his friends were placed in the back seat of the patrol car. While police questioned his friend, Sweney blurted out several statements: "You got me." "It's burglary." "I can do the time." Investigation at the scene revealed that a window had been pried open and carpets were lying under the window.

1. Sweney contends that the trial court erred in allowing the state to play a tape recording of the 911 call because the caller did not testify at trial. Sweney contends the tape is hearsay. However, the state moved to admit the tape under the res gestae exception to the hearsay rule. The record clearly shows that the tape was made contemporaneous with the call, and the content of the call shows that the call was contemporaneous with the crime. In fact, the caller was still talking to the 911 operator as the police arrived at the scene and began talking to the men involved. And the 911 operator testified that the tape was a fair and accurate depiction of the actual conversation and did not appear to be altered.

OCGA § 24-3-3 provides that "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." The determination of admissibility under the res gestae exception rests within the sound discretion of the trial court, and this Court will not disturb that determination unless it is clearly erroneous.[1]

Here, it is clear the caller's statements were made while the incident was actually in progress, and the statements were made without premeditation or afterthought.[2] The trial court therefore correctly concluded that the 911 tape was part of the res gestae.[3] In addition, the Supreme Court has held that under these circumstances the caller's statements on the tape would have been admissible as excited utterances.[4] We find no error in the admission of the 911 tape.

In his enumeration of error, Sweney also contends the trial court erred in allowing the jury to play the 911 tape in the jury room during its deliberations. However, Sweney does not argue this issue and does not support this claim with any citation of authority. This issue is therefore deemed abandoned.[5]

2. Sweney argues on appeal that the evidence was not sufficient to convict him of burglary because no one saw him enter the storage building. However, the 911 caller informed police that Sweney had entered the building, and Sweney's statements to the police indicate that he committed the crime of burglary. The evidence was sufficient for a rational trier of fact to find Sweney guilty beyond a reasonable doubt of burglary.[6]

---

[1] *Dolensek v. State*, 274 Ga. 678, 679 (2) (558 SE2d 713) (2002).

[2] See *Jackson v. State*, 255 Ga. App. 279, 282 (2) (564 SE2d 865) (2002).

[3] *Jackson*, supra; *Moore v. State*, 217 Ga. App. 207, 210 (5) (456 SE2d 708) (1995).

[4] *Cook v. State*, 273 Ga. 574, 575 (2) (543 SE2d 701) (2001).

[5] Court of Appeals Rule 27 (c) (2).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bollinger v. State*, 259 Ga. App. 102, 104 (1) (576 SE2d 80) (2003); *Strange v. State*, 250 Ga. App. 735, 736 (552 SE2d 899) (2001).

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 5, 2003 —
RECONSIDERATION DENIED JANUARY 5, 2004.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.*, for appellant.
Charles B. Sweney, *pro se.*
*J. Gray Conger, District Attorney, Alonza Whitaker, Julia A. Slater, Assistant District Attorneys*, for appellee.