## A06A0976. KIMBRELL v. THE STATE.
(635 SE2d 237)

MILLER, Judge.

Bobby Lee Kimbrell was convicted at a bench trial of one count of driving under the influence of alcohol to the extent that he was a less safe driver and one count of driving with the wrong class of operator's permit. Kimbrell appeals, challenging the sufficiency of the evidence with respect to his less safe driver conviction and contending that the trial court erred (1) by admitting the substance of the 911 call that led to his arrest, and (2) by imposing an unauthorized sentence. Discerning no error, we affirm.

On appeal from a criminal conviction, we review the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. An appellate court neither weighs the evidence nor determines witness credibility. The standard of review is whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002).

So viewed, the evidence shows that Deputy Sheriff Tracy Gaddis was dispatched in response to a concerned citizen 911 call that reported a white male driving a red Harley-Davidson motorcycle wearing only a pair of black boxer shorts. Upon arriving in the area in which the motorcycle had been seen, Deputy Gaddis observed a motorcycle matching the description he had been given in the driveway of Kimbrell's residence. After confirming that the motorcycle's engine was hot to the touch, Deputy Gaddis noticed Kimbrell sitting on the ground, his back against the residence, wearing only black shorts and white tennis shoes. Deputy Gaddis asked Kimbrell if the motorcycle belonged to him. Kimbrell admitted that it did; that he had been driving the motorcycle; and that he had consumed "beer, tequila, and lots of alcohol" earlier in the day. Kimbrell failed the field sobriety tests given on the scene, his breath smelled of alcohol, and his speech was slurred. After being read the implied consent warning, Kimbrell refused to submit to a breath test. His arrest followed.

1. Kimbrell argues that the evidence was insufficient to sustain his conviction for driving under the influence to the extent that he was a less safe driver. We disagree.

"OCGA § 40-6-391 (a) (1) provides that it [shall be] unlawful . . . to drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that the person is a less safe driver." *Byrd v. State*, 240 Ga. App. 354 (523 SE2d 578) (1999). Police officers are competent to offer opinion testimony that an individual is a less safe driver. *Waits v. State*, 232 Ga. App. 357, 358

(1) (501 SE2d 870) (1998); *Church v. State*, 210 Ga. App. 670, 671 (2) (436 SE2d 809) (1993). A defendant's admission tending to prove the crime charged is admissible as evidence (*Pendergrass v. State*, 245 Ga. 626, 627 (1) (266 SE2d 225) (1980)) as is a defendant's refusal to submit to a state-administered chemical test of his or her blood, breath, urine, or other bodily substance. OCGA § 40-5-67.1 (b) (2).

Here, Kimbrell's admissions in combination with his refusal to submit to state-administered chemical testing and Deputy Gaddis' opinion that he was under the influence of alcohol to the extent that he was a less safe driver were sufficient to support the trial judge's verdict to such effect beyond a reasonable doubt. See *Pendergrass*, supra, 245 Ga. 628 (4); see also *Sieveking v. State*, 220 Ga. App. 218, 220-221 (3) (469 SE2d 235) (1996).

2. In three separate enumerations of error, Kimbrell contends that the trial court erred in denying his motion in limine to exclude evidence of the 911 call and his motion for a directed verdict at trial. He argues that the 911 call in issue was hearsay, foreclosing any articulable suspicion justifying his detention, the investigation that followed, and his arrest. We disagree.

In characterizing the instant 911 call as hearsay, Kimbrell relies on *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). *Crawford* held that testimonial out-of-court statements in criminal trials were admissible under the Confrontation Clause subject to the unavailability of the declarant and a prior opportunity of the defendant to cross-examine the declarant. Id. "Since *Crawford*, our [C]ourts have interpreted 'testimonial' statements to include those statements made . . . to police officers investigating a crime." *Pitts v. State*, 272 Ga. App. 182, 186 (2) (612 SE2d 1) (2005).

911 calls, however, are not testimonial since, rather than being made for the purpose of proving a past event, they are not premeditated and are made to prevent or stop an ongoing crime. *Pitts*, supra, 272 Ga. App. at 187 (2). "Under Georgia law, the 911 statements were admissible as part of the res gestae or as an excited utterance. *Sweney v. State*, 265 Ga. App. 21, 22 (1) (593 SE2d 12) (2004)." Id. Thus, *Crawford* is here inapplicable, and the trial court did not err in admitting the 911 call.

3. Finally, Kimbrell contends that his sentence was excessive, arguing that the trial court orally sentenced him to a combination of 100 days of confinement, 60 days of house arrest, and 12 months of probation for misdemeanor DUI. See OCGA § 17-10-3 (a) (misdemeanors punishable by a period of confinement not to exceed 12 months); see also *Tenney v. State*, 194 Ga. App. 820, 821 (3) (392 SE2d 294) (1990) ("The total period of probation and confinement (if any) may not exceed the maximum time provided as punishment for the crime.") (citation, punctuation and emphasis omitted).

"An oral declaration as to what the sentence shall be[, however,] is not the sentence of the court; the sentence signed by the judge is." (Citation and footnote omitted.) *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). Here, the sentence signed by the trial judge sentenced Kimbrell to confinement for 12 months (to serve 100 days) and the remainder probated (60 days thereof in house arrest).

Since Kimbrell's sentence, as signed by the trial judge, did not exceed the amount authorized by law, Kimbrell's sentence was proper.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 1, 2006.

*Inez Grant*, for appellant.

*Larry A. Baldwin II, Solicitor-General, Michelle T. Rohan, Assistant Solicitor-General*, for appellee.

