A07A1294. TRULL v. THE STATE.
(649 SE2d 571)

JOHNSON, Presiding Judge.

Paul Trull was accused of driving under the influence of alcohol to the extent that he was a less safe driver,[1] driving under the influence of alcohol with an alcohol concentration of 0.08 grams or more,[2] and failing to maintain his lane.[3] He pled not guilty to the charges and was tried before a jury, which found him guilty of both DUI offenses and not guilty of failing to maintain his lane. The trial court merged the two DUI offenses, and imposed a twelve-month sentence, ordering Trull to serve twenty days in confinement and the rest of the sentence on probation.

Trull appeals, challenging the sufficiency of the evidence supporting his DUI conviction and the trial court's refusal to admit evidence of the numeric result of a roadside alco-sensor test. The challenges are without merit, and we thus affirm Trull's conviction.

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (a) (5).
[3] OCGA § 40-6-48.

1. On appeal from a criminal conviction, we review the evidence in the light most favorable to the jury's verdict, and the appellant no longer enjoys the presumption of innocence.[4] We neither weigh the evidence nor determine witness credibility, but instead determine whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.[5]

Viewed in favor of the verdict, the evidence presented at trial shows that in the early morning hours of February 15, 2004, a City of Gainesville police officer was on patrol when he found Trull asleep at the wheel of his white Mustang automobile, which was parked but running, in the parking lot of the Wildhorse bar. The officer knocked on the window of Trull's car and asked for his driver's license. The officer smelled alcohol, saw that Trull's eyes were bloodshot and noticed that his speech was slurred. Trull admitted to the officer that he had been drinking. The officer told Trull that he was impaired and should not drive. When Trull agreed not to drive, the officer returned his license to him and left the area.

Approximately 20 minutes later, the officer saw Trull driving his car on Highway 129. After seeing Trull repeatedly cross over into the center turn lane, the officer stopped him. The officer observed that Trull still smelled of alcohol, that his eyes were still bloodshot and that he was still slurring his speech. Trull again told the officer he had been drinking, and he failed several field sobriety tests. He blew into an alco-sensor device, which indicated the presence of alcohol. He also was unable to complete a horizontal gaze nystagmus test because he kept moving his head, and during a walk and turn test he lost his balance and was unable to follow the officer's directions.

The officer then arrested Trull, read the implied consent notice to him and asked him to submit to a breath test. Trull agreed to take a breath test, which was administered at the jail. Two samples of Trull's breath were taken, the first showing an alcohol concentration of 0.084 grams and the second showing an alcohol concentration of 0.082 grams.

Having reviewed all the evidence in the light most favorable to the verdict, we find that there is sufficient evidence from which a rational trier of fact could have found Trull guilty beyond a reasonable doubt of both driving under the influence of alcohol to the extent that he was a less safe driver and driving under the influence of alcohol with an alcohol concentration of 0.08 grams or more.[6] The

---

[4] *Kimbrell v. State*, 280 Ga. App. 867 (635 SE2d 237) (2006).

[5] Id.

[6] See *Marryott v. State*, 263 Ga. App. 65, 66-67 (1) (587 SE2d 217) (2003).

trial court therefore did not err in denying Trull's motion for a new trial based on his claim of insufficient evidence.

2. Trull argues the trial court should have admitted evidence of the numeric result of his roadside alco-sensor test because it showed an alcohol concentration of 0.075 grams, which is lower than the legal limit of 0.08 grams. We first note that Trull has cited no evidence in the record to support his claim that the alco-sensor result was 0.075 grams. The only citation he makes is to a page of the trial transcript at which his trial counsel states, "He blew a .75 on the hand-held." Trull has thus failed to meet his burden of supporting his claim of error by the record.[7]

Moreover, even if we assume for the sake of argument that the alco-sensor result was indeed below 0.08, Trull's claim that such a result should have been admitted into evidence to show the amount of alcohol in his blood has previously been rejected. "Alco-sensor results are not used as evidence of the amount of alcohol or drug in a person's blood. Instead, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol."[8] Since Trull was attempting to use the alco-sensor result to show the amount of alcohol in his blood and such a result is not admissible for that purpose, the trial court did not err in excluding such evidence.[9]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 9, 2007.

*Stephanie D. Woodard,* for appellant.
*Larry A. Baldwin II, Solicitor-General,* for appellee.

---

[7] See *Johnson v. State*, 221 Ga. App. 267, 268 (2) (471 SE2d 46) (1996).

[8] (Citations and punctuation omitted.) *Porche v. State*, 217 Ga. App. 325, 325-326 (1) (457 SE2d 578) (1995).

