## S08A0353. HESTER v. THE STATE.

(659 SE2d 600)

CARLEY, Justice.

On the evening of August 7, 2003, Appellant Edna Irene Hester threw a glass-jug lamp which struck both her boyfriend, Eddie Phillips, and her sister, Donna Parris. Appellant had been fighting with Ms. Parris and, while throwing the lamp, cursed Mr. Phillips. Ms. Parris suffered a severe scalp laceration, which caused massive blood loss resulting in her death hours later. Mr. Phillips was also struck in the head, losing consciousness and requiring seven stitches. Appellant was charged with alternative counts of malice murder and felony murder, and two counts of aggravated assault. She filed demurrers to the indictment, which the trial court overruled.

Thereafter, a jury found against a special plea of incompetence to stand trial. Appellant was tried before a jury and found guilty of felony murder and both counts of aggravated assault. The trial court entered judgments of conviction for felony murder and one count of aggravated assault, merged the other aggravated assault count into the felony murder, and sentenced Appellant to life imprisonment for the murder and to a concurrent term of years for aggravated assault. A motion for new trial was denied, and Appellant appeals.[*]

1. When construed most strongly in support of the verdicts, the evidence was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The felony murder count alleged that Appellant, while in the commission of aggravated assault, caused Ms. Parris' death "by striking her on and about the head with a lamp . . . ." The aggravated assault counts alleged that Appellant "did unlawfully make an assault . . . with a lamp, an object which when used offensively against a person, is likely to and actually does result in serious bodily injury . . . ." Appellant contends that all counts of the indictment were deficient due to their failure to specify how the lamp was used. This contention was included in timely filed demurrers and, because Appellant sought greater specificity, it must be classified as a special demurrer. *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005);

---

[*] The crimes occurred on August 7, 2003, and the grand jury returned an indictment on November 10, 2003. The jury found Appellant guilty on January 26, 2006, and the trial court entered the judgments of conviction on January 30, 2006. The motion for new trial was filed on January 31, 2006 and was denied on September 14, 2007. Appellant filed a notice of appeal on October 9, 2007. The case was docketed in this Court on November 1, 2007, and submitted for decision on the briefs.

*Lowe v. State*, 276 Ga. 538, 539 (2) (579 SE2d 728) (2003); *Carter v. State*, 155 Ga. App. 49, 50 (1) (270 SE2d 233) (1980).

Citing *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995), Appellant argues that, because a lamp is not a deadly weapon per se, its specific use in an assault is not readily apparent and, thus, must be specifically alleged. However, *Hardrick* does not support this argument. "[T]he proper reading of [*Hardrick*] is 'that an indictment charging aggravated assault is fundamentally flawed when the essential elements of aggravation and intent to assault are not contained therein.' [Cit.]" *Pye v. State*, 274 Ga. 839, 841 (4) (561 SE2d 109) (2002). Thus, because the indictment alleged that the lamp is "an object which when used offensively against a person, is likely to and actually does result in serious bodily injury," an allegation that it is a deadly weapon was not required. *State v. English*, 276 Ga. 343, 345 (1) (578 SE2d 413) (2003); *Pye v. State*, supra.

An indictment alleging an assault by use of an instrument which is not a deadly weapon per se is not required to be more specific regarding its use than indictments charging assault with an instrument which is a deadly weapon per se, as even the latter type of weapon, including guns, can be used in more than one way to commit an assault. See *Arthur v. State*, 275 Ga. 790, 791 (2) (573 SE2d 44) (2002).

> The true test of the sufficiency of an indictment is not whether it could be made more certain and definite, but whether it contains the elements of the offense charged, apprises the accused of what he must be prepared to defend against, and protects against double jeopardy. [Cit.]

*Arthur v. State*, supra. Each count of the indictment contained the necessary elements of the offense charged. The rule relied upon by Appellant that, with certain exceptions, each count must be wholly complete within itself applies only to the essential elements of the crime, and not to the form of the indictment or to factual details alleged therein. *State v. Jones*, 274 Ga. 287, 288-289 (1) (553 SE2d 612) (2001); *Smith v. Hardrick*, supra at 54 (1). The indictment must be read as a whole. *State v. Jones*, supra at 289 (1). Appellant clearly was apprised that she would have to defend against the allegation that she struck Ms. Parris on and about the head with the lamp. Furthermore, she admitted to a law enforcement officer that she had thrown the lamp at Mr. Phillips. In these circumstances, the language of the indictment " 'is not too vague to inform (Appellant) of the charges against [her]. (Cit.)' [Cit.] Therefore, the trial court correctly overruled the demurrer." *Arthur v. State*, supra. See also *Pye v. State*, supra; *Moyer v. State*, 275 Ga. App. 366, 374 (5) (c) (620 SE2d 837)

(2005). Moreover, Appellant has not shown "how [s]he was misled to [her] prejudice by any alleged imperfection in the indictment and we can discern no prejudice in [the] record. Any error in failing to try [her] upon a 'perfect' indictment was, thus, manifestly harmless. [Cit.]" *Mitchell v. State*, 282 Ga. 416, 419 (4) (651 SE2d 49) (2007).

3. Appellant further contends that the evidence was not sufficient to sustain the special jury's finding that she was competent to stand trial.

> In a competency proceeding, the defendant has the burden of proving incompetency by a preponderance of the evidence. [Cit.] A criminal defendant is competent to stand trial if he is capable of understanding the nature and object of the criminal proceedings and of assisting his attorney with his defense. [Cit.] . . . The special jury having found [Appellant] competent for trial, this Court's role is to determine, after reviewing the evidence in the light most favorable to the State, whether a rational trier of fact could have found that [she] failed to prove by a preponderance of the evidence that [she] was incompetent to stand trial. [Cit.]

*Velazquez v. State*, 282 Ga. 871, 872-873 (1) (655 SE2d 806) (2008). See also *Sims v. State*, 279 Ga. 389, 391 (1) (614 SE2d 73) (2005). Appellant "and the State offered opposing expert opinions on the issue of [her] competency." *Velazquez v. State*, supra at 873 (1). There was expert medical testimony that Appellant was suffering from a psychotic disorder, not otherwise specified, and dementia, not otherwise specified, and that she did not understand the charges as they relate to her condition. However, extensive testimony of doctors and staff from Northwest Georgia Regional Hospital showed that Appellant is a longtime alcoholic, does not have a major mental illness, understood the nature and object of the legal proceedings, and could assist her attorney at trial. Construing the evidence most strongly in support of the special jury's verdict, we conclude "that a rational trier of fact could have found that [Appellant] failed to prove by a preponderance of the evidence that [she] was incompetent to stand trial. [Cits.]" *Velazquez v. State*, supra at 873 (1).

4. Police Officer John Kaufman testified that, pursuant to a request by Emergency Medical Services (EMS), he was the first person to arrive at the crime scene. Appellant was running from one house towards another house and, when he asked her to come, she returned to the first house. Officer Kaufman followed and saw her standing over Ms. Parris, who had a large bloody rag on her head. Appellant was yelling that she was trying to see if Ms. Parris was alright. The police officer asked Appellant to step back outside in

order to make room for EMS. He asked her what happened, and she said that Ms. Parris had fallen and hit her head. Another officer arrived and stayed with Appellant, while Officer Kaufman went back into the house to check on Ms. Parris. He "asked her what happened, and she told [him], 'That bitch hit me in the head with a big piece of glass.' " Appellant was then taken into custody. After waiting for police to clear and secure the scene, a paramedic entered the house. He testified that he asked Ms. Parris what was her name and then what had happened. "She said there had been an altercation, she and her sister had been fighting, and she hit her in the head with some sort of glass." Appellant urges that the admission into evidence of Ms. Parris' statements to Officer Kaufman and to the paramedic was in violation of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

In *Crawford*, the Supreme Court of the United States "held that the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. [Cit.]" *Pitts v. State*, 280 Ga. 288 (627 SE2d 17) (2006). We have held that testimonial statements generally "include statements made by witnesses to government officers investigating a crime. [Cits.]" *Lindsey v. State*, 282 Ga. 447, 452 (4) (651 SE2d 66) (2007). The Supreme Court "refused to define 'testimonial,' but expressly stated that the term did apply, inter alia, to 'police interrogations.' [Cit.]" *Watson v. State*, 278 Ga. 763, 768 (2) (b) (604 SE2d 804) (2004). Since *Crawford*, however, the Supreme Court has given somewhat more precise guidance as to which police interrogations produce testimony:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U. S. 813, 822 (II) (126 SC 2266, 165 LE2d 224) (2006) (also holding, at 823 (III) (A), that the Confrontation Clause applies only to testimonial hearsay). See also *Pitts v. State*, supra (predating *Davis*, but containing a remarkably similar analysis).

The evidence shows that Ms. Parris was on the floor, was moaning, and had apparently lost a large amount of blood. "[A]ny

reasonable listener would recognize that [she] was facing an ongoing emergency." *Davis v. Washington,* supra at 827 (III) (A). Officer Kaufman had the responsibility of securing the area within minutes of the occurrence of a serious injury. Fulfilling that responsibility would logically involve an attempt to determine every possible cause of injury to persons in the area, so that any continuation or repetition of that cause could be prevented. Thus, the statement which the police officer elicited from Ms. Parris was "necessary to be able to *resolve* the present emergency, rather than simply to learn (as in *Crawford*) what had happened in the past." (Emphasis in original.) *Davis v. Washington,* supra at 827 (III) (A). Furthermore, the interrogation was strikingly informal and brief, in an environment which was neither tranquil nor clearly safe. *Davis v. Washington,* supra at 828 (III) (A). Therefore, we conclude that the circumstances of Officer Kaufman's interrogation of Ms. Parris "objectively indicate its primary purpose was to enable police assistance to meet an ongoing emergency. She simply was not acting as a *witness*; she was not *testifying*." (Emphasis in original.) *Davis v. Washington,* supra at 828 (III) (A). "This is not to say that a conversation which begins as an interrogation to determine the need for emergency assistance cannot . . . 'evolve into testimonial statements,' [cit.], once that purpose has been achieved." *Davis v. Washington,* supra at 828 (III) (A). However, the trial court excluded all of Ms. Parris' statements subsequent to her brief responses to Officer Kaufman and the paramedic.

As for the paramedic, we conclude that his interrogation of Ms. Parris did not produce testimony even if he acted as an agent of law enforcement. See *Davis v. Washington,* supra at 823 (III) (A), fn. 2. Although the paramedic was not responsible for securing the area, he was responsible for emergency medical diagnosis and treatment, to which the cause of the injury was relevant. "Statements made for purposes of medical diagnosis or treatment and describing . . . the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" have long been admissible under OCGA § 24-3-4, and "continue to be admissible even after *Crawford.*" *Thomas v. State,* 288 Ga. App. 602, 608 (3) (654 SE2d 682) (2007). Other courts have also found such statements to be non-testimonial where, as here, "law enforcement involvement in the production of the statements was either limited or nonexistent and there was no indication of a purpose to collect information for a potential criminal prosecution. [Cits.]" *Hernandez v. State,* 946 S2d 1270, 1284 (VI) (D) (3) (Fla. App. 2007) (cited in *Thomas v. State,* supra). Ms. Parris' statement to the paramedic was made during his initial examination of her to ascertain the scope, diagnosis, and treatment of her injuries, and does not fall within any of the classes

of testimonial statements described in *Crawford*. "In particular, no objective witness would reasonably conclude that [this] statement[ ] [was] made under such circumstances that the statement would be available for use at a later trial. [Cits.]" *Thomas v. State*, supra.

Accordingly, neither Ms. Parris' statement to Officer Kaufman nor her statement to the paramedic was admitted in violation of *Crawford*.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Mary Erickson*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.