A08A0277. WILLIAMS v. THE STATE.
(666 SE2d 18)

SMITH, Presiding Judge.

Travis Williams appeals from his convictions for possession of cocaine with the intent to distribute, abandonment of a controlled substance, two counts of obstruction of an officer, insufficient motor vehicle tag light, and insufficient motor vehicle taillight. Williams asserts that insufficient evidence supports his drug-related convictions, that the trial court erred by admitting hearsay as an excited utterance, and that the admission of the hearsay violated his constitutional right to confront the witnesses against him. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that two Houston County sheriff's deputies sharing a patrol car stopped Williams when they saw him driving a car with an inoperable tag light and taillight. One of the deputies, Chambers, stepped out of the patrol car and asked Williams for his license. Williams told the deputy that he did not have one and "took off running."

Deputy Chambers ran after Williams on foot, while his partner, Deputy Alexander, gave chase in the patrol car. When Deputy Chambers lost sight of Williams, he radioed Williams's last location and direction of travel to Deputy Alexander. When Williams rounded

a corner, Deputy Alexander saw him running past a group of five or six people with his hands inside his pants and the zipper down. At this point, Deputy Alexander reached down for his radio to relay that he had spotted Williams. Although he lost sight of Williams for a couple of seconds while he reached for the radio, he heard more than one person "screaming out that he had threw something." Deputy Alexander did not see Williams throw anything. After Williams ran in front of his patrol car, Deputy Alexander got out of his car, chased Williams on foot through a parking lot, and caught Williams, with his zipper still down.

Deputy Chambers testified that after Deputy Alexander radioed that he had located Williams in the parking lot, he ran past a group of people in the parking lot, several of whom "stated that he had [thrown] something." When Deputy Chambers caught up with Deputy Alexander, they searched Williams, placed him in the back of their patrol car, went back to Williams's car to secure it, and performed an inventory search. The deputies found a pair of scales commonly used to weigh narcotics in the glove compartment.

Approximately ten to twenty minutes after capturing Williams, Deputy Chambers returned to the parking lot, retraced Williams's escape route, and found "a clear plastic baggie with several other baggies containing a rock-like substance in it" not "very far" from where the people had yelled that something had been thrown. A forensic chemist employed by the Georgia Bureau of Investigation testified that he tested the contents of one of the bags and it contained crack cocaine.

The State also submitted similar transaction evidence showing that Williams pled guilty to possessing crack cocaine in August 2001 and October 1998, selling crack cocaine in May 1991, and possession of crack cocaine with intent to distribute in November 1990. In one of these prior cases, Williams kept the crack cocaine that he sold to an undercover police officer in a small ziplock bag hidden inside the front of his pants.

1. Williams asserts that the circumstantial evidence against him is insufficient to support his conviction for possession with the intent to distribute.

> Even where the evidence is circumstantial, this court only disturbs the jury's verdict when the conclusions based on the evidence are insufficient as a matter of law. In previous cases, this court upheld convictions where the defendant fled from police officers and then the officers found drugs thrown on the ground near the defendant's path. See *Wilburn v. State*, 278 Ga. App. 76 (1) (628 SE2d 174) (2006);

> *Grier v. State*, 273 Ga. App. 517 (615 SE2d 586) (2005); *Dodson v. State*, 244 Ga. App. 94 (534 SE2d 815) (2000).

(Citations and footnotes omitted.) *Riggins v. State*, 281 Ga. App. 266, 268 (635 SE2d 867) (2006). In accord with these cases, we find that sufficient evidence supports Williams's possession of cocaine with the intent to distribute conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit in Williams's contention that the trial court erred by admitting the bystanders' statements based upon the excited utterance exception to the hearsay rule.

> Included in our Code's res gestae exception to the rule against hearsay is an exception for excited utterances. In order to qualify as an excited utterance, an event precipitating the statement must have been sufficiently startling to render inoperative the declarant's normal reflective thought processes, and the declarant's statement must have been the result of a spontaneous reaction, and not the result of reflective thought.

(Citations and footnotes omitted.) *Walthour v. State*, 269 Ga. 396, 397 (2) (497 SE2d 799) (1998). Additionally, there must be evidence showing that the "declarant spoke from personal knowledge." (Citations and punctuation omitted.) *Dolensek v. State*, 274 Ga. 678, 679 (2) (558 SE2d 713) (2002).

In this case, the statements were made while a police officer was chasing a suspect, a sufficiently startling event, and by people in a crowd that Williams had just run past. We find that the declarants made these statements without premeditation or afterthought and with sufficient personal knowledge. See *Key v. State*, 289 Ga. App. 317, 321 (1) (b) (657 SE2d 273) (2008); *Sweney v. State*, 265 Ga. App. 21, 22 (1) (593 SE2d 12) (2003). As a result, the trial court did not abuse its discretion by admitting the statements under the excited utterance exception to the prohibition against hearsay. See *Fields v. State*, 283 Ga. App. 208, 211-212 (2) (641 SE2d 218) (2007) (standard of review).[1]

3. In his remaining enumeration of error, Williams argues that the admission of the bystanders' statements violated the Confrontation Clause of the Sixth Amendment, citing *Crawford v. Washington*,

---

[1] The Georgia Supreme Court's decision in *Al-Amin v. State*, 278 Ga. 74 (597 SE2d 332) (2004), does not alter this result. In *Al-Amin*, the unknown witness made the statement in a police interview at some unspecified time on the night of the crime and *after* it occurred, not during the course of a police chase as in this case. Id. at 89 (19).

541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). The Confrontation Clause "bars the admission of testimonial statements of a witness who did not appear at trial unless he or she was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." (Citation and punctuation omitted.) *Key*, supra, 289 Ga. App. at 319 (1) (a).

The United States Supreme Court did not "define 'testimonial,' but expressly stated that the term did apply, inter alia, to 'police interrogations.' " (Citations omitted.) *Hester v. State*, 283 Ga. 367, 370 (4) (659 SE2d 600) (2008). The Georgia Supreme Court has concluded that "[t]estimonial statements generally include statements made by witnesses to government officers investigating a crime." (Citations and punctuation omitted.) Id. It also recently noted that other jurisdictions have found a statement "to be non-testimonial where, as here, law enforcement involvement in the production of the statements was either limited or nonexistent and there was no indication of a purpose to collect information for a potential criminal prosecution." (Citations and punctuation omitted.) Id. at 371.

In this case, we find that the bystanders' statements were not testimonial because the police officers did not elicit the statements and the primary purpose of the bystanders' shouts was to avert a crime in progress, not to establish or prove past events for a later criminal prosecution. *Hester*, supra, 283 Ga. at 371. See also *Ohio v. Holdbrook*, 2006 Ohio App. LEXIS 5791 (Ohio Ct. App. 2006) (unidentified bystander's statement made during police chase non-testimonial under *Crawford*); *People v. Zarco*, 2005 Cal. App. Unpub. LEXIS 5030 (Cal. Ct. App. 2005) (same). As a result, Williams's confrontation rights under the Sixth Amendment were not violated, and the trial court did not err by admitting the bystanders' statements.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 18, 2008 —
RECONSIDERATION DENIED JULY 24, 2008

*Hogue & Hogue, Holly M. De Rosa, Nicholas E. White, Amanda Gluck*, for appellant.

*Kelly R. Burke, District Attorney, Duncan M. Munn, Joshua D. Morrison, Assistant District Attorneys*, for appellee.