# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0069. TRAVIS WILLIAMS v. THE STATE.**

In 2005, Travis Williams was convicted of possession of cocaine with intent to distribute and other crimes. We affirmed the convictions. See *Williams v. State*, 292 Ga. App. 892 (666 SE2d 18) (2008). Williams later filed a motion to modify sentence, which the trial court denied in 2013. We dismissed his appeal from that order because he failed to file a brief and enumeration of errors. See Case No. A13A1895 (dismissed Aug. 8, 2013). Williams thereafter filed various other motions, seeking relief from an "illegal indictment."[1] Citing *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), and noting the lapse of time since Williams's convictions and the fact that he had already pursued a direct appeal, the trial court entered an order stating that it was without jurisdiction to consider the issues raised in the motions. Williams filed this appeal.

In substance, Williams's motions challenging his indictment are challenges to the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to

---

[1] The motions are not included in the appellate record, but Williams states in his notice of appeal that the motions sought "relief . . . from illegal indictment thru a petition for writ of mandamus amended motion as well as thru out of time appeal."

dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Williams is not authorized to collaterally attack his convictions in this manner, and this appeal is subject to dismissal. See id.; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

Moreover, this Court previously rejected Williams's challenge to his convictions. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."). Thus, Williams's current appeal is barred by the doctrine of res judicata. See *Jackson*, 273 Ga. at 320.

Finally, the Supreme Court of Georgia eliminated the judicially-created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts[.]" *Cook*, 313 Ga. at 506 (5). This holding applies to "all cases that are currently on direct review or otherwise not yet final." Id.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 08/11/2023*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*