## A00A1306. DODSON v. THE STATE.
### (534 SE2d 815)

ELDRIDGE, Judge.

A Floyd County jury found Timothy Dodson guilty of possession of cocaine and giving a false name. He appeals and raises a single enumeration of error challenging the sufficiency of the evidence introduced against him. We have reviewed the record, and finding the evidence sufficient, we affirm.

Viewed in a light to uphold the jury's verdict,[1] the evidence shows that the Rome police had been asked to patrol regularly in front of Gemini Club on East Main Street in Rome, in order to prevent a recurring problem with loitering. Gemini Club shares a parking lot with a game room, which is located on one side of the club, and a church, which is on the other side of the club.

At approximately 12:00 a.m. on October 7, 1998, Rome Police Officer Scott patrolled past Gemini Club. Officer Shipman provided backup in a separate vehicle. Scott exited his patrol car to disperse a large group that was loitering in the parking lot of the club. Appellant Dodson was part of the group. While Officer Scott dispersed the group, Dodson began to "slide behind the church to walk down the back side of the church area." Scott testified that Dodson "was the only one going in the direction behind the church. I thought that was pretty strange."

Scott followed Dodson and stopped him as he was going down a hill beside the church. The area was lit by streetlights on East Main and the lights in the parking lot of the church, club, and game room. Officer Scott approached Dodson and talked to him generally about the prohibition against loitering in the parking lot of Gemini Club. Officer Shipman had followed Officer Scott but remained several feet behind him. During the conversation between Scott and Dodson, Officer Shipman saw Dodson throw something to the ground. No one else was close to the area. Shipman approached Officer Scott and told him he saw Dodson drop something. Immediately after Dodson walked away from the conversation, the officers located the object

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

less than a foot from where Dodson had been standing. The object was a rock of cocaine. Dodson, who had made his way back to East Main, was arrested. Upon arrest, Dodson told the officers that his name was "Christopher Johnson."

During the defense case, Dodson called his cousin to the stand. He testified that he was with Dodson in the parking lot of Gemini Club on the night in question; that he witnessed the entire conversation between the police officers and Dodson; that Dodson had not thrown anything to the ground during his conversation with the officers; and that the path Dodson was on was well traveled.

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6.

> This does not mean that the state must exclude every possible hypothesis showing innocence, but any *reasonable* hypothesis showing innocence. Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law. If the totality of the evidence is sufficient to connect defendant to possession of drugs, even though there is evidence to authorize a contrary finding, the conviction will be sustained. *Singleton v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989).

(Citations and punctuation omitted; emphasis in original.) *Blair v. State*, 216 Ga. App. 545, 546-547 (455 SE2d 97) (1995).

Here, the jury heard Officer Shipman's testimony that he saw Dodson drop the cocaine and that there was "no doubt" in his mind that "what I picked up was what he [Dodson] dropped." The jury also heard Dodson's evidence that (1) Dodson did not drop any cocaine during his conversation with the police officers; and (2) the path behind the church was well traveled, thereby raising the inference that someone else could have left the cocaine on the path. The jury rejected Dodson's theory of defense. See *Smith v. State*, 235 Ga. App. 223, 226 (510 SE2d 295) (1998). And since the totality of the evidence is sufficient to connect Dodson to possession of the drugs, such evidence is sufficient to sustain the jury's verdict. *Blair v. State*, supra at 546-547; *Smith v. State*, supra at 226; *Eason v. State*, 234 Ga. App. 595, 597 (507 SE2d 175) (1998).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 18, 2000.

*William H. Newton III*, for appellant.
*Tambra P. Colston, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.