A02A0997. STEPHENS v. THE STATE.
(575 SE2d 661)

BARNES, Judge.

A jury convicted Kenneth Michael Stephens of one count of violation of the Georgia Controlled Substances Act for possession of crack cocaine. Stephens filed a motion for new trial and thereafter a motion for an out-of-time appeal, which was granted.

On appeal, Stephens argues that the trial court erred by denying his motion to suppress a statement, which he alleges was the fruit of an illegal arrest, and by admitting similar transaction evidence. He also argues that the trial court erred in allowing certain expert testimony, and that the evidence was insufficient to support his convic-

tion. Because there is no evidence which connects Stephens to the cocaine found in his coat, we reverse.

On appeal, we view the evidence in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court only determines evidence sufficiency, not credibility or weight. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See, e.g., *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997). Under *Jackson*, the test is whether, based on the evidence as construed in favor of the verdict, any rational trier of fact could have found Stephens guilty beyond a reasonable doubt of possessing cocaine.

So construed, the evidence reflects that for twenty-four hours beginning June 18, 1999, and ending June 19, 1999, three officers with the Crime Interdiction Unit of the Marietta Police Department conducted taped surveillance of an area of Allgood Road in Marietta commonly known as "Charlie Hunter's." The purpose of the surveillance was to gain intelligence on drug buyers and dealers around the two businesses located in Charlie Hunter's, Mann's Grocery Store and Charlie Hunter's liquor store.

On June 19, the officers videotaped a juvenile suspect conducting what they suspected were numerous drug transactions and arrested him. During the course of the surveillance and ensuing arrest, the officers located and searched a black jacket lying on a wall-mounted air conditioner near one of the buildings. The officer who located and searched the jacket testified that he did so because it was near where the juvenile suspect was sitting and because he was searching the area where the suspect spat out rock cocaine and so he "kept looking in the area because usually when there's a little bit there's more." He found suspected crack cocaine in a plastic bag in one of the jacket's pockets. The drugs were removed from the jacket, but the jacket was placed back on the air conditioner to see who would claim it. The substance was later tested at the crime lab, and a chemist verified that the substance was 2.2 grams of crack cocaine.

Approximately ten minutes later, Stephens arrived, picked up the jacket, and walked away. One of the surveilling officers radioed Stephens' description to a nearby patrol officer and told him to place Stephens under arrest. Stephens was carrying the jacket and was approximately 100 to 150 yards away when he was stopped. After the officer told Stephens that he was under arrest for cocaine, Stephens was searched and taken to the Cobb County Adult Detention Center. No drugs were found on him. While Stephens was being processed he mumbled, "[t]hat dope ain't mine. That girl that was out there put it in my pocket." The officer testified that he had not explained the circumstances surrounding his arrest to Stephens, nor was the statement in response to any questioning.

1. We agree with Stephens' contention that the evidence was insufficient to support his conviction. "[A] conviction [based upon] circumstantial evidence [is authorized only when] the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "In a case entirely dependent on circumstantial evidence, however, the State's evidence must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction." (Citations and punctuation omitted.) *Locklear v. State*, 249 Ga. App. 104, 105 (547 SE2d 764) (2001). The evidence, which was entirely circumstantial, simply does not exclude every other hypothesis save guilt. Id.

Here, no direct evidence ties Stephens to the drugs found in his jacket. While the State argues that there is direct and circumstantial evidence to support Stephens' conviction, it presents only the following: (1) Stephens picked up the jacket and walked away; and (2) he established that he knew the jacket had cocaine in it by his statement at the detention center. This evidence, however, does not tie Stephens to the drugs that were found in the jacket earlier.

The State maintains the cocaine was found in Stephens' jacket, but the videotaped excerpts showing the police finding and then retrieving drugs from the jacket were mistakenly erased.[1] The area was videotaped for twenty-four hours, resulting in some four videotapes and approximately twelve hours of tape, but there is no evidence showing who put the jacket on the air conditioner. Additionally, despite the area being monitored for that extensive period, there is no evidence placing Stephens in the area before his picking up the jacket, which occurred at approximately 1:00 p.m. on the second day of the surveillance. The evidence, however, shows at least two other people, the juvenile suspect and an unidentified woman, in close proximity to the jacket. Additionally, the officers surmised that the woman was attempting to distract them from finding drugs in the area. One of the officers testified that the jacket only shows up on the videotape before the arrest of the juvenile suspect. He testified that "there's nothing on the tapes that shows when the jacket was placed up there until the time that [the juvenile suspect] walked to the edge of the building." Additionally, there was no identification found in the jacket indicating that Stephens was the owner. Stephens did not testify at trial, but the theory of his defense was that the jacket was not

---

[1] We ordered that the videotape be made part of the record, but the tape provided to us shows nothing.

his, that he thought the jacket was abandoned, and that he had no knowledge of the contraband.

The State obviously cannot show that Stephens *knowingly* had direct physical control over the cocaine to show he was in actual possession of it, because they removed the cocaine before the jacket was retrieved and never saw Stephens in possession of the drug. See *Lockwood v. State*, 257 Ga. 796, 797-798 (364 SE2d 574) (1988). But, it likewise cannot establish that he had constructive possession of the cocaine. Power and intention to exercise dominion or control over a thing are constructive possession of it. *Cooper v. State*, 237 Ga. App. 837 (517 SE2d 85) (1999). Such intent to exercise control may be inferred by the totality of the circumstances, *Moody v. State*, 232 Ga. App. 499, 501 (1) (502 SE2d 323) (1998), and requires more than a showing of mere proximity. *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993). "Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citation and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994).

While, arguably, the State may have established that Stephens owned the jacket found at the scene, it is equally plausible that the jacket may have been used during that period by someone else. And,

[i]t long has been the law of this state that where the evidence tends equally to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof and certainly not through the guise of circumstantial evidence. Mere presence, association or suspicion, without any evidence to show further participation in the commission of the crime is insufficient to authorize a conviction.

(Citations and punctuation omitted.) *Brookins v. State*, 202 Ga. App. 759, 760 (415 SE2d 674) (1992).

The court admitted evidence of two similar transactions for possession of cocaine showing that in 1997 Stephens possessed cocaine in the same location as that in the current case, and that in 1998 he possessed a crack pipe within two blocks of this same location. The evidence was introduced to show Stephens' bent of mind or course of conduct. And, while evidence of prior convictions for possession of cocaine is relevant to prove bent of mind or course of conduct in a subsequent possession case, see *Faison v. State*, 199 Ga. App. 447, 448-449 (1) (405 SE2d 277) (1991), it cannot be used as *direct evidence* to prove this crime. *Burnette v. State*, 202 Ga. App. 563, 564 (415 SE2d 43) (1992); *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d

547) (1990). See generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

Here, the only evidence linking Stephens to the contraband is the fact that he picked up the jacket. Because the evidence was insufficient to establish that Stephens was in possession of cocaine, and likewise did not exclude the hypothesis that the drugs, or indeed the jacket, belonged to someone else, under OCGA § 24-4-6 and *Jackson v. Virginia*, supra, the conviction of Stephens for possession of cocaine cannot stand.

2. Based on our conclusion in Division 1, Stephens' conviction must be reversed, and, accordingly, we need not reach his remaining enumerations of error.

*Judgment reversed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED NOVEMBER 22, 2002 —
RECONSIDERATION DENIED DECEMBER 10, 2002

*Gregory A. Hicks, James K. Luttrell*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Patricia G. Hull, Amelia G. Pray, Assistant District Attorneys*, for appellee.