## A03A1727. DILLEY v. THE STATE.
### (593 SE2d 356)

MIKELL, Judge.

Scotty L. Dilley was convicted of trafficking in methamphetamine,[1] four counts of possession of controlled substances with intent to distribute,[2] and misdemeanor marijuana possession. He was sentenced to serve 20 years in prison. On appeal, Dilley challenges the sufficiency of the evidence to support his convictions. Although Dilley's brief is not entirely clear, his sole complaint appears to be that others had equal access to the contraband found in his vehicle.

> The equal access rule entitles a defendant to acquittal where (1) the sole evidence of his possession of contraband is his possession of a vehicle in which the contraband is found and (2) others had equal access to the part of the vehicle where the contraband was found or the vehicle had been in the possession of others in the recent past.[3]

At trial, a female resident of an Atlanta apartment complex testified that she observed Dilley seated in a Ford Explorer in the parking garage. He was smoking a substance in a glass pipe. Several minutes later, the resident saw a police officer, and she requested that he ask Dilley to leave the premises. When the officer approached the vehicle, Dilley exited and left the driver's side door open. While conversing with Dilley, the officer looked in and saw a silver case on the

---

[1] OCGA § 16-13-31 (e).
[2] OCGA § 16-13-30.
[3] (Citation and punctuation omitted.) *Kantorik v. State*, 257 Ga. App. 828, 829 (2) (572 SE2d 690) (2002).

front seat, the contents of which led to Dilley's arrest. The vehicle, which was impounded and searched, contained $49,720 in cash in addition to the following narcotics:

> Approximately 217 grams of crystallized methamphetamines. About 100 tablets of suspected ecstacy; a 20-ounce bottle of suspected GHB; three tablets of oxycodone; several vials of powder cocaine; several bottles of suspected ketamine, which is a cat tranquilizer; several bottles of suspected steroids; small amount of marijuana; suspected LSD; and . . . a large number of unidentified pills.

A check of the Explorer's license plate revealed that it was registered to Dilley. He claimed to be the sole and exclusive owner of the vehicle in pleadings filed in response to the state's forfeiture proceeding. In addition, Dilley was alone in the vehicle when he was arrested. His equal access argument is based on evidence that he was assisting a friend, who was addicted to methamphetamines, move from her apartment, and that others who had been hired for the move had access to his car. However, the friend testified that she had not stored the money or contraband in her apartment, and she denied that the drugs found in the Explorer were hers.

There is a presumption that contraband found within a vehicle belongs to the driver, particularly when the driver owns, and is in control of, the vehicle.[4] Although this presumption can be overcome by evidence that someone other than the defendant had the opportunity to commit the crime,[5] the issue is one for the jury to decide.[6] On appeal from a criminal conviction, the appellate court views the evidence in the light most favorable to the verdict.[7] We do not weigh the evidence or determine witness credibility, but only decide if sufficient evidence exists from which a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.[8] In this case, the trial court charged the jury on the equal access rule, and the jury weighed the evidence and rejected Dilley's argument. We find that the evidence was sufficient to support the jury's verdict.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[4] *Battle v. State*, 244 Ga. App. 599, 601 (1) (536 SE2d 273) (2000).

[5] Id.

[6] *Dalton v. State*, 261 Ga. App. 72, 73 (581 SE2d 700) (2003).

[7] *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999).

[8] Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED JANUARY 15, 2004.

*William A. Matos*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Christopher E. Ward, Anne E. Green*, Assistant District Attorneys, for appellee.