## A05A0685. GRIER v. THE STATE.
### (615 SE2d 586)

BERNES, Judge.

A Newton County jury convicted Eugene Grier of possession of cocaine and felony obstruction of an officer. Grier appeals challenging the sufficiency of the evidence supporting his conviction for possession of cocaine and asserting error in the admission of similar transaction evidence. We find these claims to be without merit and affirm.

1. "When evaluating the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State,* 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the jury's verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve conflicting evidence, and to determine the facts. *Butler v. State,* 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). "It is the jury's prerogative to choose what evidence to believe and what to reject." *Trammell v. State,* 253 Ga. App. 725, 726 (1) (560 SE2d 312) (2002).

So construed, the evidence shows that on May 28, 2002, Covington police officers Lt. Phillip Bradford and Justin Owens accompanied a state probation officer to a known drug house to assist the probation officer in contacting a probationer. When they arrived at the house, Owens stationed himself at the rear of the house while Bradford went to the front of the house. Owens encountered Grier, whom he knew by name, coming out of the house. Bradford asked Grier to have the probationer for whom he was looking come to the door. Grier reentered the house but then ran out the back door. Owens saw Grier fleeing the scene and repeatedly ordered him to stop. Grier

ignored Owens' commands and continued to run. As Owens gave chase, he saw Grier repeatedly reaching into his pants pocket. The foot chase ended when Owens tackled Grier. A struggle ensued in which Grier continued to reach into his pocket. Once Grier was subdued, Owens returned to the area where he and Grier had been struggling and found a clean dry cellophane wrapper containing crack cocaine lying on the ground.

To warrant a conviction based on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis except that of guilt. OCGA § 24-4-6. Grier contends the State failed to exclude all reasonable hypotheses other than his guilt, arguing the evidence presented at trial was consistent with someone other than Grier having placed the cocaine at the location where it was discovered by the police.

"The mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty." (Citations and punctuation omitted.) *Brown v. State*, 170 Ga. App. 398, 400 (317 SE2d 207) (1984). "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury." (Citations and punctuation omitted.) *Haney v. State*, 261 Ga. App. 136, 138 (1) (581 SE2d 626) (2003). The appellate court will not disturb the verdict unless it is unsupportable as a matter of law. *Brown v. State*, supra at 400. Based on the evidence at trial, the jury was authorized to conclude that Grier threw the cocaine at issue out of his pocket as he ran from or struggled with the police. Any rational trier of fact could have found Grier guilty beyond a reasonable doubt of possession of cocaine. *Jackson v. Virginia*, supra; *Haney v. State*, supra; *Horner v. State*, 257 Ga. App. 12 (570 SE2d 94) (2002).

2. Grier also contends that the trial court erred in admitting evidence of a similar transaction. In February 2000, Covington police officer Anthony Waldon stopped Grier on the street after a lookout had been placed for him in connection with a reported burglary. Grier denied his identity and stated that he would get "the person that [the police] needed to talk to." Another police officer arrived on the scene and confirmed Grier's identity. Grier was then placed under arrest. When one of the officers began to search Grier's pockets, Grier turned away and began struggling with the officer. After Grier was subdued, the police found crack cocaine in Grier's pocket and mouth. Grier subsequently pled guilty to possession of cocaine, misdemeanor obstruction and criminal trespass.

Before similar transaction evidence may be admitted, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must affirmatively show:

> that it seeks to introduce the evidence for an appropriate purpose; ... that there is sufficient evidence to show that the accused committed the independent offense or act; and ... that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.

*Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003), citing *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991). A trial court's decision to admit similar transaction evidence will be upheld on appeal unless it is clearly erroneous. *Bailey v. State*, supra at 298 (5).

Grier argues that the State failed to show that the crimes were sufficiently similar and that the prejudicial effect of admitting evidence of the independent crime outweighed its probative value. See *Newman v. State*, 233 Ga. App. 794, 795 (2) (504 SE2d 476) (1998) (noting there is no legal requirement that the trial court make an express finding to this effect).[1] We find the trial court's determination that the two crimes were sufficiently similar is supported by the record. In both cases, Grier reached for his pocket after encountering police. In both cases, Grier struggled with the police officers, and, in both cases, Grier attempted to prevent the officers from finding crack cocaine in his pocket.

The jury was instructed that evidence of the independent crimes was admissible to show "bent of mind, scheme, intent, or course of conduct." "When similar transaction evidence is being introduced [for these purposes] it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. [Cits.]" (Punctuation omitted.) *Collier v. State*, 266 Ga. App. 345, 348 (1) (596 SE2d 795) (2004). We conclude that the degree of similarity between the two was such that proof of the former tended to prove the latter. *Bailey v. State*, supra. Because "the evidence shed[ ] light on the defendant's conduct . . . , its relevance outweigh[ed] its prejudicial effect. [Cit.]" *Givens v. State*, 273 Ga. 818, 823 (4) (546 SE2d 509) (2001).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[1] At the similar transaction hearing, Grier's counsel acknowledged that "the circumstances in the other case and this current case are somewhat similar." At trial, counsel stated that he did not feel the transaction "is similar enough."

DECIDED JUNE 3, 2005.

Thomas O. Humphries, Jr., for appellant.
W. Kendall Wynne, District Attorney, Melanie B. McCrorey, Assistant District Attorney, for appellee.