A06A1283. RIGGINS v. THE STATE.
(635 SE2d 867)

BARNES, Judge.

George Mack Riggins appeals his conviction for possession with intent to distribute cocaine.[1] He contends that the trial court erred by denying his motion for directed verdict. For the reasons stated below, we affirm his convictions.

While a deputy of the Douglas County Sheriff's Office was observing traffic, he saw a gray Pontiac Grand Am come out of a local

---

[2] (Footnote omitted.) *Cherokee Nat. Life Ins. Co. v. Eason*, 276 Ga. App. 183, 187 (2) (622 SE2d 883) (2005).

[3] Id.

[1] Although Riggins was also convicted of obstruction of an officer, driving with a suspended license, and failure to stop at a stop sign, he has not contested those convictions on appeal.

motel that is well known for drug sales and drug use. The deputy noticed that the driver, later identified as Riggins, initially signaled that he was heading in the deputy's direction, but then drove in the other direction when he saw the deputy. The deputy observed that there was no tag displayed on the vehicle and he attempted to stop it by activating his police blue lights.

Riggins did not stop when the deputy turned on his blue lights, or at the next stop sign. When Riggins finally stopped, he immediately exited the vehicle, waved to the deputy behind him, and fled on foot. The deputy observed that Riggins was wearing a black hat with no markings and flip-flops that he kicked off as he ran away into the woods adjacent to the motel. The deputy immediately radioed for assistance, and returned to Riggins' vehicle. The deputy's dash-mounted video camera captured these events, including the black hat with no markings that Riggins was wearing when he fled into the woods, and Riggins kicking off his flip-flops.

Two sergeants, who were members of a specially trained canine unit of the Douglas County Sheriff's Office, arrived at the scene to help locate Riggins. Each member of the canine unit has a canine partner with which the member was extensively trained to track humans and recognize narcotics, and the members go through an additional eight hours of training each week with their dogs. The canines can detect scents that humans cannot detect and scents that are fresh or new in the environment. One of the sergeants brought his dog and the other sergeant acted as the backup officer. The sergeant who brought his canine "pre-scented" the canine with Riggins' car and the flip-flops that Riggins kicked off when he fled.

The canine tracked to a tree, and the sergeant with the canine instructed the other sergeant to recover Riggins' hat. When the sergeant retrieved the hat, it contained 17 rocks of crack cocaine, which had a street value of approximately $700. The sergeant turned the drugs and hat over to a police officer, and testified at trial about recovering these items. The canine then tracked to a point about 20 yards away from where the hat was found, and discovered Riggins hiding among some brush.

The deputy who initially stopped Riggins' vehicle identified Riggins as the person who fled on foot, and the black hat that contained the drugs as the hat Riggins wore when he entered the woods. A chemist with the Georgia Bureau of Investigation Crime Lab confirmed the presence of 5.6 grams of cocaine in the drugs seized. The deputy also testified that he did not find any other signs of drug use or sale when he searched Riggins' car, but that the area where he stopped Riggins was known for drug use and drug sales.

The trial court correctly denied Riggins' motion for a directed verdict as to possession of cocaine with intent to distribute because

the state presented sufficient circumstantial evidence of his guilt. On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A directed verdict of acquittal is only appropriate where there is no conflict in the evidence and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of acquittal. OCGA § 17-9-1 (a).

Even where the evidence is circumstantial, this court only disturbs the jury's verdict when the conclusions based on the evidence are insufficient as a matter of law. *Jones v. State*, 253 Ga. App. 376, 377 (559 SE2d 119) (2002). In previous cases, this court upheld convictions where the defendant fled from police officers and then the officers found drugs thrown on the ground near the defendant's path. See *Wilburn v. State*, 278 Ga. App. 76 (628 SE2d 174) (2006);[2] *Grier v. State*, 273 Ga. App. 517 (615 SE2d 586) (2005);[3] *Dodson v. State*, 244 Ga. App. 94 (534 SE2d 815) (2000).[4] In each of these cases, the totality of the evidence was sufficient to connect the defendant to possession of the drugs, and this was sufficient to sustain the jury's verdict. See id. at 95.

The State's evidence does not need to exclude every possible hypothesis other than the defendant's guilt, it must only exclude every reasonable hypothesis. *Jackson v. State*, 276 Ga. App. 694, 695 (624 SE2d 270) (2005). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, this court will uphold the jury's verdict. *Jackson v. State*, 236 Ga. App. 260, 261 (511 SE2d 615) (1999). "The mere possibility that someone other than the defendant committed the

---

[2] This court upheld the jury's conviction of a defendant who fled on foot when the police arrived, and flicked a small object away from himself during flight that turned out to be a plastic box containing cocaine.

[3] This court held that based on the evidence at trial, the jury was authorized to conclude that the defendant threw cocaine out of his pocket as he ran from the police because the police found a clean, dry cellophane wrapper containing crack cocaine lying on the ground along the defendant's path.

[4] This court upheld the jury's conviction of a defendant when a police officer testified that he saw the defendant drop something to the ground that turned out to be a rock of cocaine when the police recovered the object less than a foot away. We rejected the defendant's theory that the path where he was standing was well traveled, and therefore someone else could have left the cocaine on the path.

crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty." (Citation and punctuation omitted.) *Grier v. State*, supra, 273 Ga. App. at 518 (1).

In this case, the State presented evidence that Riggins entered the woods with a specific and noteworthy black hat on his head, but when the officers found him, he no longer had the hat. The State also presented evidence that a specially trained canine team tracked Riggins' scent directly to the black hat that contained the cocaine, and then to Riggins 20 yards away. Riggins argues that the trial court erred in denying his motion for directed verdict because the police found no evidence of drug use or drug sales on his person, and someone else could have put the drugs in his hat. However, in each of the above-mentioned cases, this court did not find this argument dispositive. The State presented no evidence of drug use or drug sales on the defendant's person in those cases, but this court nonetheless found the evidence that was presented sufficient to allow a rational trier of fact to find those defendants guilty.

Riggins relies on *Stephens v. State*, 258 Ga. App. 774 (575 SE2d 661) (2002) and *Meadows v. State*, 247 Ga. App. 634 (545 SE2d 76) (2001), in which this court held that the evidence was not sufficient to uphold the defendants' convictions for possession of drugs. In those cases, however, there was no direct evidence to link the defendants to the drugs that the police found, and there was evidence that other people were in the vicinity of the drugs. In this case, the State produced ample evidence to allow a rational jury to link Riggins to the cocaine found in the hat that he wore when he fled from a police officer, and there was no evidence that anyone other than Riggins and the police were in the area. The trial court correctly denied Riggins' motion for directed verdict for possession of cocaine with intent to distribute.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 24, 2006.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Todd S. Boyce, Assistant District Attorneys*, for appellee.