A07A0401. DAVIS v. THE STATE.
(645 SE2d 753)

MIKELL, Judge.

After a jury found Andre Ramon Davis guilty of one count of trafficking in cocaine and one count of possession of cocaine, the trial judge entered judgment on the trafficking charge, sentencing Davis to thirty years (twenty-five in confinement) and imposing a $1,000,000 fine. Davis appeals, contending that the evidence was insufficient to support the jury's verdict against him. Because the state presented sufficient circumstantial evidence of Davis's guilt, we affirm his conviction.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.[1]

So viewed, the evidence presented at trial shows that, shortly after 5:00 a.m. on May 26, 2005, Davis and Rickyknee Rhodes were

---

[1] (Citation omitted.) *Riggins v. State*, 281 Ga. App. 266, 268 (635 SE2d 867) (2006), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

traveling on Interstate 85 in Jackson County when their Chevrolet Tahoe swerved out of control, rolled over, and came to rest on its roof in the median. When police first arrived at the scene, Davis was lying on his back in the median ditch near the overturned car, Rhodes was standing nearby, and an unidentified man was holding Davis's head and appearing to care for him. A bill of sale for the Tahoe dated May 17, 2005, found in the car's glove compartment, listed Alecia Cooper, Davis's aunt, as the buyer of the vehicle and Lawrence Marshall as the seller.

During the investigation of the accident, three white packages double-wrapped in plastic were found at the scene. Two packages, one in the median ditch and the other close to the concrete edge of the highway, were lying on the grass in the median among items and debris from the overturned car. Both packages were similarly wrapped in two layers of clear plastic. When pierced with a knife, the package discovered in the median ditch was found to contain a white powdery substance; the other package appeared to contain a similar substance. When the Tahoe was lifted back onto its wheels, a third package, similar to the first two, was discovered sticking out from under a false battery cover in the engine compartment and visible because the hood of the vehicle had been bent back in the wreck. Upon later testing by the State Crime Lab, this third package was found to contain 998 grams of cocaine of 74.8 percent purity.[2]

Davis and Rhodes were jointly indicted on one count of trafficking in cocaine. Following a trial, the jury found Davis guilty on two counts, trafficking in cocaine and the lesser included offense of possession of cocaine; his co-defendant, Rhodes, was acquitted on both counts.

Davis now contends that the evidence adduced at his trial was insufficient to prove he was in "knowing" possession of the cocaine, as required by OCGA § 16-13-31 (a) (1). We do not agree.

The evidence presented at trial showed that Davis was driving a car with a white plastic-wrapped package of cocaine hidden under the hood; two other similar bags were in the immediate vicinity of the overturned car, among debris from the wreck and other personal items thrown out of the vehicle. The two white bags found on the grass, as well as the items tossed out of the Tahoe as it rolled over, had no dirt on their exposed surfaces. In contrast, the surrounding grass was littered with dirt churned up by the tires of the car as it swerved

---

[2] Davis points out that the two packages found on the ground were not tested; however, the similar appearance of all three packages authorized the jury to conclude that they each contained cocaine. See *Pitts v. State*, 260 Ga. App. 553, 556 (2) (b) (580 SE2d 618) (2003) (expert testimony that one bag contained cocaine was sufficient to sustain conviction for trafficking notwithstanding the fact that two other bags were not tested).

prior to rolling over. From this evidence the jury could infer that the two bags were thrown out of the Tahoe along with the other items. Duffel bags and other items found inside the Tahoe indicated that Davis and Rhodes were the only occupants of the vehicle when the accident occurred. On Davis's person at the time of his arrest were several receipts: one recorded a purchase made at the "Last Stop Co." in Oxon Hill, Maryland, at 10:37 a.m. on May 23, 2005, three days before the accident; other receipts indicated that on May 25, 2005, the day before the accident, Davis had had the Tahoe washed at 1:00 p.m. and serviced at 3:30 p.m. by "Shammy's Car Wash & Express Lube" in Houston, Texas. The jury could infer from this evidence that Davis had been in Maryland on May 23, in Texas on May 25, and in Georgia on May 26, 2005, and that this pattern indicated that Davis was knowingly engaged in delivering cocaine.

This evidence, though circumstantial, was sufficient to show that Davis had constructive possession of all three packages found at the scene. Under OCGA § 24-4-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." As this Court has made clear, however,

> [t]he State's evidence does not need to exclude every *possible* hypothesis other than the defendant's guilt, it must only exclude every *reasonable* hypothesis. . . . The mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty.[3]

Further, "questions of reasonableness are generally decided by the jury . . . and we will not disturb their judgment unless it is 'insupportable as a matter of law.' "[4]

Citing *Stephens v. State*[5] and *Meadows v. State*,[6] Davis asserts that his conviction was flawed because it was based on his mere presence at the scene of the crime. His reliance on these cases is misplaced. In both these cases the equal access rule applied to rebut the presumption of defendant's possession of contraband based on

---

[3] (Citations and punctuation omitted; emphasis supplied.) *Riggins*, supra at 268-269; accord *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (a) (642 SE2d 345) (2007).

[4] (Citations and punctuation omitted.) *Daugherty*, supra.

[5] 258 Ga. App. 774 (575 SE2d 661) (2002).

[6] 247 Ga. App. 634 (545 SE2d 76) (2001).

defendant's ownership or possession of the place where the contraband was found.[7] Davis argues that both defendant Rhodes and the unidentified man at the scene had equal access to the cocaine. As to Rhodes, however, the equal access rule "has no application where . . . all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband."[8] As to the unidentified man, Davis argues that this man had equal access, at least with regard to the two packages of cocaine found on the grass of the median. However, "[w]hether the evidence of equal access carried enough weight to rebut any inference of possession is a question properly left to the jury."[9] The jury in this case weighed the evidence and rejected Davis's allegation that the unidentified man had equal access to the two packages of cocaine found on the ground.[10]

Because the evidence presented at trial was sufficient to authorize a jury to determine that Davis had constructive possession of the cocaine found in and near the vehicle in which he was traveling,[11] we affirm the judgment against him.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 9, 2007.

*Mary Erickson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[7] See *Stephens*, supra at 778 (1) (conviction reversed where Stephens was observed picking up jacket left unclaimed in public, but no evidence showed that Stephens owned jacket or had any prior connection to cocaine found therein); *Meadows*, supra at 637-638 (2) (presumption that Meadows possessed partially-smoked marijuana cigarette found under porch rebutted by evidence that several other residents of house were known to smoke marijuana on the porch).

[8] *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984); accord *Davis v. State*, 270 Ga. App. 777, 779 (1) (607 SE2d 924) (2004). See also *Coop v. State*, 186 Ga. App. 578, 580 (2) (367 SE2d 836) (1988) (appellate court upheld convictions of both occupants of rented car for possession of contraband found therein where occupants alternated driving). Cf. *Turner v. State*, 276 Ga. App. 381, 383-384 (623 SE2d 216) (2005) (driver's conviction reversed where passenger had equal access and cocaine was found under passenger seat).

[9] (Footnote omitted.) *Dalton v. State*, 261 Ga. App. 72, 73 (581 SE2d 700) (2003).

[10] See *Dilley v. State*, 265 Ga. App. 170, 171 (593 SE2d 356) (2004).

[11] *Navicky v. State*, 245 Ga. App. 284, 285-286 (3) (537 SE2d 740) (2000).