## A07A2313. JOHNSON v. THE STATE.
(656 SE2d 861)

BERNES, Judge.

A Chatham County jury convicted Edward Devoun Johnson of sale of cocaine and possession of cocaine with intent to distribute. On appeal, Johnson challenges the sufficiency of the evidence.[1] For the reasons discussed below, we affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Riggins v. State*, 281 Ga. App. 266, 268 (635 SE2d 867) (2006).

So viewed, the evidence adduced at trial shows that in the summer of 2004, an agent with the Chatham-Savannah Counter Narcotics Team ("CNT") was contacted by a confidential informant whom the agent had known for many years. The informant, an admitted drug addict, advised the agent that an individual named Edward Johnson was selling cocaine at 243 Ferrell Street in Chatham County. According to the informant, she had purchased cocaine from Johnson over 150 times during a 13-year period. The informant noted that in these prior buys, Johnson sometimes stored his cocaine in small prescription or medicine bottles, which he would flush down the toilet if approached by the police. Based on this information, the agent commenced an investigation and obtained a photograph of the defendant, which the agent showed to the informant. The informant identified the person in the photograph as Edward Johnson and confirmed that he was the individual who sold cocaine.

The agent subsequently set up a "controlled buy." On July 21, 2004, the agent took the informant to a designated location near the Ferrell Street premises. The agent searched the informant, confirmed that she had no items on her person, and gave her $40 to purchase cocaine. The agent and several other CNT agents then

---

[1] Although Johnson was also convicted of obstruction, he has not presented any argument or citation of authority challenging the sufficiency of the evidence on that count. He therefore has abandoned any challenge to his obstruction conviction on sufficiency grounds. See Court of Appeals Rule 25 (c) (2).

positioned themselves in the area so that constant visual contact could be maintained with the informant as she entered and exited the premises.

The informant proceeded directly to the premises without interference. Upon entering the premises, the informant located Johnson and asked to purchase cocaine. In return for the $40 she handed to him, Johnson retrieved two white-colored rocks from "a medicine bottle, like an aspirin, vitamin bottle type thing" and gave them to her. The entire transaction lasted approximately five minutes.

After the informant exited the premises, she proceeded directly to the pick up point and handed the agent the two rocks. The agent again searched the informant to ensure that she had no money or additional drugs on her person. The agent also performed a field test on the two rocks, which yielded a positive result for cocaine. Forensic testing at the state crime lab later confirmed that the substance was cocaine.

Thereafter, the agent sought and obtained a search warrant for the Ferrell Street premises. On July 22, 2004, eight agents with the CNT squad executed the warrant. During the search, four individuals, not including Johnson, were found on the premises and detained without incident.

As the search unfolded, two agents spotted Johnson and both yelled, "Police!" One of the two agents also yelled, "Search Warrant! Get on the ground!" In response, Johnson fled into a doorway and toward a bathroom. One of the agents pursued Johnson and tackled him, causing Johnson to fall into the bathtub as he appeared to be trying to dispose of something. When tackled, Johnson dropped an aspirin bottle out of his right hand, and it fell beside the toilet. After the agent secured Johnson and picked him up out of the bathtub, the agent noticed a prescription bottle inside the bathtub directly underneath where Johnson had fallen, near the drain. Although the prescription bottle bore the name "Thomas Jones," no one else was in the bathroom at the time of the incident other than the agent and Johnson.

Both bottles retrieved from the bathroom contained white-colored rocks. The rocks were field tested for the presence of cocaine, with positive results. The state crime lab later tested the rocks contained in the prescription bottle, which were of a larger quantity than those found in the aspirin bottle, and confirmed that the substance was cocaine.

Johnson was arrested and indicted for sale of cocaine and possession of cocaine with intent to distribute. Johnson was accused of committing the offense of sale of cocaine based on the July 21, 2004 controlled buy. He was accused of possession of cocaine with intent to

distribute based on the cocaine seized in the bathroom during the July 22, 2004 search. Following a jury trial, Johnson was convicted of the two offenses.

Johnson contends that there was insufficient evidence to convict him of sale of cocaine. We disagree. The agent with the CNT squad and informant testified at trial about the July 21, 2004 drug sale transaction as described above. Furthermore, the agent from the CNT squad testified that the substance bought from Johnson field tested positive for cocaine, and the state's forensic expert testified that testing at the state crime lab confirmed the same. This evidence was sufficient to authorize a rational trier of fact to find Johnson guilty beyond a reasonable doubt of the charged offense. *Jackson*, 443 U. S. 307. See OCGA § 16-13-30 (b); *Brown v. State*, 274 Ga. App. 302, 302-303 (1) (617 SE2d 227) (2005). Questions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide. *Riggins*, 281 Ga. App. at 268.

Johnson also argues that there was insufficient evidence to convict him of possession of cocaine with intent to distribute. Again, we disagree. Possession was shown by the pursuing agent's testimony that he saw Johnson drop the aspirin bottle out of his hand. It likewise was shown by the agent's testimony that he found the prescription bottle inside the bathtub directly underneath where Johnson had fallen after being tackled. See *Jackson v. State*, 281 Ga. App. 83, 85 (1) (635 SE2d 372) (2006) (possession can be inferred when drugs are found in the immediate presence of the defendant). In turn, the field test and crime lab results proved that the substance possessed by Johnson was cocaine.[2] Furthermore, the informant testified to the fact that she had purchased cocaine from Johnson on many occasions, and a CNT agent testified that, based on her experience, the quantity and unique packaging of the cocaine in the medicine bottles were inconsistent with mere personal consumption. Based on the testimony of the informant and agent, the jury could infer that Johnson had the intent to distribute the cocaine. See *Evans v. State*, 288 Ga. App. 103, 108 (3) (a) (653 SE2d 520) (2007) (testimony that defendant sold drugs relevant to establish that defendant acted with intent to distribute); *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005) (intent to distribute can be inferred from quantity of drugs seized and manner of packaging). Finally, Johnson's

---

[2] Johnson points out that although the substance found in the aspirin bottle field tested positive for cocaine, it was not tested at the state crime lab. However, field test results alone are sufficient to prove the presence of a controlled substance; state crime lab results are not required. *Collins v. State*, 278 Ga. App. 103, 104 (1) (a) (628 SE2d 148) (2006). In any event, Johnson's conviction could be sustained based solely on the cocaine in the prescription bottle found in the bathtub, which was subject to a field test as well as testing at the state crime lab.

consciousness of guilt could be inferred from his flight from the CNT agents during the search. See *Sexton v. State*, 268 Ga. App. 736, 737 (1) (b) (603 SE2d 66) (2004).

Johnson emphasizes that the prescription bottle found in the bathtub bore the name "Thomas Jones," and that one of the other individuals detained during the search went by that appellation. But, it was the task of the jury, not this court, to weigh this evidence against the other evidence presented by the state as discussed above, and then to decide whether Johnson was guilty of the charged offense. *Riggins*, 281 Ga. App. at 268. In light of the combined evidence, the jury clearly was entitled to find Johnson guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson*, 443 U. S. 307. See OCGA § 16-13-30 (b).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 16, 2008.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Diane M. McLeod*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.