## A09A0366. TUGGLE v. THE STATE.

(676 SE2d 830)

JOHNSON, Presiding Judge.

A jury found Alex Roderick Tuggle guilty of possession of cocaine. He appeals, claiming that the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Here, the evidence shows that at approximately 2:30 a.m. on September 5, 2003, an officer with the Covington Police Department saw Tuggle emerge from a darkened area near a playground. The officer activated the blue lights on his patrol car, exited the vehicle, and asked to speak with Tuggle. Tuggle did not respond to the officer's repeated verbal introductions, but rather walked across the street toward a parked car. The officer saw Tuggle toss a "blackish" cylindrical object behind the car, and Tuggle then immediately complied with the officer's requests to walk toward his patrol car. While another officer stood with Tuggle, the officer walked to where he saw Tuggle toss the object and found a black, cylindrical pipe on the ground. Residue in the pipe tested positive for cocaine.

Despite Tuggle's claims, a rational trier of fact could have found him guilty of possession of cocaine. Here, not only did the jury hear the testimony of the police officer, but it also reviewed a video taken from the officer's patrol car. That video shows Tuggle make a movement consistent with what the officer described as Tuggle throwing an object behind the car. Although Tuggle's hand is

---

[1] See *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

obscured in the video by the parked car, the jury was authorized to believe the police officer's testimony that from his position outside of his patrol car, he could see Tuggle open his left hand and release a "blackish" cylindrical object.[3]

In addition, while Tuggle claims that the pipe could have already been on the ground when he walked toward it, the police officer testified that the pipe was the only thing on the ground in the area where he saw Tuggle toss the object. Where a defendant "offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder."[4] The jury rejected Tuggle's theory of defense, and since the totality of the evidence was sufficient to connect Tuggle to the drugs found in the pipe, we must uphold the jury's verdict.[5]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 27, 2009.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Kimberly M. Minicozzi, Assistant District Attorney*, for appellee.

---

[3] *Fairclough v. State*, 276 Ga. 602, 604 (2) (581 SE2d 3) (2003).
[4] (Punctuation omitted.) *Dodson v. State*, 244 Ga. App. 94, 95 (534 SE2d 815) (2000).
[5] Id.