S01A0754. COX v. THE STATE.
(553 SE2d 152)

HUNSTEIN, Justice.

John Cox was convicted in October 1999 for the malice murder of Nicky Nicholson, who died as a result of multiple gunshot wounds inflicted by appellant, aggravated assault, cruelty to children and possession of a firearm during the commission of a crime. Appellant was sentenced to life imprisonment and to a consecutive twenty-year sentence for cruelty to children and a consecutive five-year sentence for the firearms conviction. He appeals from the denial of his motion for new trial.[1] Finding sufficient evidence to support the verdict and

---

[1] The homicide occurred on August 25, 1998. Cox was indicted in Cobb County on February 18, 1999 on charges of murder, two counts of felony murder, aggravated assault, cruelty to children, and two counts of possession of a firearm during the commission of a crime. He was found guilty on October 27, 1999 and sentenced to life imprisonment for the murder,

no reversible error in the trial court's evidentiary rulings, we affirm.

1. Appellant admitted to shooting and killing his common law wife, Nicky Nicholson, in the presence of their three-year-old daughter, Jada. Appellant shot the victim twice in the back and once in the head and then shot himself in the head. Appellant's 15-year-old brother who was a witness to the incident called 911 for help and told the dispatch operator that "his brother had shot his girlfriend." When the police arrived, appellant's three-year-old child was standing next to her mother's body, crying and repeating "My daddy killed my mommy." A female officer took the child from the apartment to her own nearby apartment in order to obtain a t-shirt for the child. The child told that officer "My daddy killed my mommy," and then repeated this declaration to a maintenance worker who saw them outside of the apartment. Appellant was admitted to the hospital with a self-inflicted gunshot wound to his right temporal region. He was stable, awake and alert, and at his request, was given small doses of Demerol and Phenergan, which doctors said could cause drowsiness, but had no effect on his ability to reason. Shortly thereafter, a detective questioned appellant about the incident in the presence of a nurse. Although appellant did not refuse to answer any questions, the detective had to repeat questions and once had to ask appellant to wake up and talk. Appellant told the officer that he shot himself and his girlfriend, but it was a "long story." The detective promised to leave after appellant explained the reason for shooting the victim. Appellant then informed the officer that he shot the victim because she was cheating on him. This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant maintains that he should have been informed of his *Miranda* rights, see *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966), because he was in custody when he made the statement to the detective in the hospital. Although we agree that the statement was made at a time when appellant should have been given the *Miranda* warning, we find that the enumeration provides no basis for reversal because the error is harmless beyond a reasonable doubt as the testimony of other witnesses to the incident describing the murder in detail makes appellant's statement cumula-

---

twenty-years consecutive for cruelty to children, plus a consecutive five years for possession of a firearm. A notice of appeal was filed on November 22, 1999. On July 28, 2000, after new counsel was appointed, the case was remanded to the trial court to allow appellant to raise the issue of ineffective assistance of trial counsel. Appellant's motion for a new trial was filed on September 5, 2000, amended on October 23, 2000, and denied on November 16, 2000. Appellant filed a notice of appeal on December 7, 2000 and the appeal was docketed in this Court on February 15, 2001 and submitted for decision without oral argument.

tive of other admissible evidence. See *McLendon v. State*, 259 Ga. 778 (4) (387 SE2d 133) (1990). See also *Tukes v. State*, 236 Ga. App. 77 (3) (511 SE2d 534) (1999). Furthermore, the admission by appellant that he shot his girlfriend was conceded at trial and served as the basis of his defense.

3. Appellant contends that the child's statement to the police and the apartment maintenance worker that "My daddy killed my mommy," was inadmissible hearsay and violated his right of confrontation. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. Excited utterances are included in the codified res gestae exception. In order to constitute an excited utterance, "an event precipitating the statement must have been sufficiently startling to render inoperative the declarant's normal reflective thought processes, and the declarant's statement must have been the result of a spontaneous reaction, and not the result of reflective thought." (Footnote omitted.) *Walthour v. State*, 269 Ga. 396, 397 (2) (497 SE2d 799) (1998). The words spoken to the witnesses by the victim's three-year-old child at the scene immediately after the offense occurred were properly allowed as part of the res gestae as they were spontaneous and voluntary. Under the circumstances, the child's statements to the police and the maintenance worker could be construed as part of the res gestae and were admissible, because the child's declarations were free " 'from all suspicion of device or afterthought'. . . . [i]t was the very deed itself speaking through the mouth of a babe." *Grant v. State*, 124 Ga. 757, 759 (4) (53 SE 334) (1905). Finally, because we agree with the trial court that the statements were admissible as part of the res gestae, appellant's argument of lack of confrontation is without merit. See *Livingston v. State*, 268 Ga. 205 (2) (486 SE2d 845) (1997).

4. Appellant contends that his trial counsel was ineffective because he failed to inform him that certain evidence would be admitted at trial and failed to communicate with him before trial. At the motion for new trial hearing, appellant's trial counsel testified that he and other members of his law firm engaged in numerous pretrial telephone conversations and meetings with appellant, interviewed appellant's family, and advised appellant that he should accept the State's offer to enter a plea. We conclude that the record shows that the performance of appellant's counsel was not deficient under the standards enunciated in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See also *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Richard O. Allen,* for appellant.

*Patrick H. Head, District Attorney, Richard H. Kimberly, Jr., Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.