A05A0526. McCLURE v. THE STATE.
(615 SE2d 856)

PHIPPS, Judge.

Clifford McClure was tried by a jury and convicted of five counts of homicide by vehicle, three counts of driving under the influence of drugs[1] to the extent it was less safe for him to drive, one count of reckless driving and one count of failure to yield. He was sentenced to seventeen years, ten in prison and seven on probation. On appeal, McClure claims that the trial court erred by allowing a crime scene photograph into evidence and by denying his motion for a directed verdict of acquittal. We find no error in the admission of the photograph or the denial of McClure's motion for directed verdict. Therefore, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on March 9, 1999, Joshua Whitehead was driving his

---

[14] *Cardwell v. State*, 225 Ga. App. 337, 338 (484 SE2d 38) (1997).

[15] *Gaskin v. State*, 221 Ga. App. 142, 145 (3) (b) (470 SE2d 531) (1996).

[1] The drugs included alprazolam and meprobamate, both Schedule IV controlled substances, and marijuana.

Jeep Wrangler on Highway 53. Three friends were riding with him. McClure was driving a truck on the same road and it appeared he was trying to enter a Wal-Mart parking lot through the exit-only lane. McClure's truck veered across several lanes of traffic and collided with the side of Whitehead's Jeep. Whitehead was killed in the collision.

The state presented testimony from a forensic toxicologist, Horton McCurdy, who analyzed blood and urine samples taken from McClure after the collision. McClure's urine was positive for marijuana and for a class of drugs known as benzodiazepines. McCurdy's analysis of the blood samples found the drug alprazolam and the drug meprobamate present in McClure's blood. Marijuana found in McClure's blood indicated that McClure had used marijuana within 12 hours of when the sample was taken. McCurdy testified that in his opinion the use of these drugs would have made McClure a less safe driver.

The state also presented evidence of a similar transaction in which McClure was stopped after driving erratically and nearly causing two head-on collisions. He was charged with driving under the influence, reckless driving and driving on the wrong side of the road. Blood samples taken after that incident revealed that McClure's blood was positive for alprazolam, carisoprodol and meprobamate. A urine sample tested positive for marijuana.

1. McClure claims that the trial court erred by admitting a photograph taken of Whitehead on the scene, as he lay dead in his Jeep. He argues that the photograph was not relevant to any disputed issue because he had stipulated that Whitehead's death was the result of head injuries sustained in the collision, and that the prejudicial effect of the photograph outweighed any probative value. We disagree.

The photograph was relevant to show the results of the collision and the cause of Whitehead's death.[2] And the photograph was not excludable because McClure had stipulated to the cause of death.[3]

2. McClure claims that the trial court should have granted his motion for a directed verdict of acquittal with respect to the homicide by vehicle counts that required proof that he was driving while impaired, which would include Counts 3, 4 and 5. He bases his claim solely on the testimony of his expert.

McClure's expert, Michael Kell, testified that he could not give an opinion as to whether McClure was impaired based on his review of the results of the state's testing. He testified that he would need to

---

[2] See *Hayles v. State*, 180 Ga. App. 860 (2) (350 SE2d 793) (1986).
[3] See id.; see also *Null v. State*, 261 Ga. 180, 181 (4) (402 SE2d 721) (1991).

see a report detailing "[s]ome human observation of his behavior," such as a field sobriety test, to determine whether McClure was impaired. As a result, McClure argues that the state failed to prove impairment and that his convictions on those counts must be reversed.

The standard of review for denial of a motion for directed verdict is the same as for determining the sufficiency of the evidence to support a conviction.[4] Thus, we construe the evidence in favor of the jury's verdict and determine whether a rational trier of fact could have found McClure guilty beyond a reasonable doubt of the crimes for which he was convicted.[5] "An appellate court does not weigh evidence or determine witness credibility, but determines only if the evidence is sufficient under the standard of *Jackson v. Virginia*[6] to support a finding of guilt beyond a reasonable doubt."[7] Conflicts in testimony and questions about witness credibility are matters for the jury to resolve.[8] As long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's case, the jury's verdict will be upheld.[9]

The jury's verdict clearly shows that it chose to believe that McClure was impaired at the time of the collision. The weight to be given to the evidence, including the expert testimony, was for the jury to decide.[10] We find the evidence was sufficient under the standard of *Jackson v. Virginia*[11] to support a finding of guilt beyond a reasonable doubt.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2005.

*Scott J. Forster*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[4] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).
[5] Id.
[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[7] *Nunnally v. State*, 261 Ga. App. 198 (1) (582 SE2d 173) (2003) (footnote omitted).
[8] *Johnson v. State*, 259 Ga. App. 452, 453 (2) (576 SE2d 911) (2003).
[9] Id.
[10] See *Hodges v. State*, 248 Ga. App. 23, 24 (1) (545 SE2d 157) (2001).
[11] Supra.