### S09A1371. McCLURE v. KEMP.
(684 SE2d 255)

THOMPSON, Justice.

Clifford McClure was convicted of multiple offenses in connection with the vehicular homicide of Joshua Whitehead. His convictions were affirmed on appeal in *McClure v. State*, 273 Ga. App. 751 (615 SE2d 856) (2005). Subsequently, McClure filed a petition for writ of habeas corpus claiming that he was denied effective assistance of both trial and appellate counsel. The habeas court denied

relief. This Court granted McClure's application for certificate of probable cause asking the parties to address whether appellate counsel rendered ineffective assistance by failing to challenge McClure's conviction under *Cooper v. State*, 277 Ga. 282 (587 SE2d 605) (2003).[1]

In *Cooper*, the Court held that the implied consent statute, OCGA § 40-5-55, which required chemical testing of the operator of a motor vehicle involved in a traffic accident resulting in serious injuries or fatalities, violates Article I, Section I, Paragraph XIII of the 1983 Georgia Constitution and the Fourth and Fourteenth Amendments of the Constitution of the United States, insofar as it authorizes a search and seizure of bodily substances without probable cause. *Cooper* was decided after McClure's conviction but while his direct appeal was pending. Because McClure's case was in the pipeline he was entitled to claim the benefit of this new rule of criminal procedure on appeal. See *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992) (adopting the pipeline approach for applying new rules of criminal procedure to all cases then on direct review or not yet final). But, as we further held in *Taylor*, application of a new procedural rule is dependent upon whether the claim was preserved for appellate review. Id. at 586. See also *Green v. State*, 279 Ga. 455 (5) (614 SE2d 751) (2005) (new rule in pipeline applied where claim of error preserved at trial); *Freeman v. State*, 269 Ga. 337 (1) (496 SE2d 716) (1998) (pipeline rule applied where error preserved below); *Smith v. State*, 268 Ga. 860 (2) (494 SE2d 322) (1998) (pipeline rule preserved below by objection to grant of State's motion in limine); *Mobley v. State*, 265 Ga. 292 (12) (455 SE2d 61) (1995) (pipeline rationale not applied where issue not preserved by objection below); *Fields v. State*, 283 Ga. App. 208 (1) (b) (641 SE2d 218) (2007) (pipeline error not preserved for appellate review). Thus, in order for McClure to have preserved the *Cooper* claim it was necessary that a motion to suppress evidence of test results of bodily fluids had been filed on his behalf in the trial court. Undisputedly, that had not been done.

This issue was developed at the habeas hearing where appellate counsel testified that in preparation for the appeal, he questioned trial counsel about the failure to file a motion to suppress. Trial counsel advised appellate counsel that he opted not to file such a motion because he did not believe it would have been meritorious based on the status of the implied consent law at the time of trial.

---

[1] The habeas court determined that the claim of ineffective assistance of trial counsel was procedurally defaulted because it was not asserted on appeal by new appellate counsel and because cause and actual prejudice were not shown to overcome the default. See *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991). That issue is not before the Court.

Appellate counsel further testified that he agreed with trial counsel's tactical decision and that he did not raise a claim of ineffective assistance of trial counsel because he found no legal basis to support it. See generally *Slade v. State*, 270 Ga. 305 (2) (509 SE2d 618) (1998) (reasonable strategic decisions predicated on circumstances as they existed at the time of trial did not amount to ineffective assistance). On the contrary, appellate counsel believed that trial counsel mounted a vigorous and effective defense utilizing an expert who challenged the State's test results.

The standard by which a reviewing court measures a habeas petitioner's allegation that appellate counsel was ineffective is set out in *Battles v. Chapman*, 269 Ga. 702, 704 (1) (a) (506 SE2d 838) (1998), as follows:

> [W]hen appellate counsel's performance is claimed to be deficient because of a failure to assert an error on appeal, the reviewing court should resolve whether the decision was a reasonable tactical move which any competent attorney in the same situation would have made, by comparing the strength of the errors raised against the significance and obviousness of the alleged error passed over.

See also *Shorter v. Waters*, 275 Ga. 581, 584 (571 SE2d 373) (2002) ("[s]ituations may arise when every error enumerated by appellate counsel on appeal presented a strong, nonfrivolous issue but counsel's performance was nonetheless deficient because counsel's tactical decision not to enumerate one rejected error 'was an unreasonable one which only an incompetent attorney would adopt.' [*Battles*, supra,] 269 Ga. at 705.").

McClure must also establish ineffectiveness under the two prong standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Battles*, supra at 704 (1) (a). Applying these principles, we conclude that appellate counsel cannot be deemed ineffective for failing to challenge McClure's conviction under *Cooper*. As shown previously, a *Cooper* claim was not preserved for appellate review due to trial counsel's failure to file a motion to suppress. Since McClure could not have prevailed with a *Cooper* claim on appeal, it cannot be characterized as a "strong" issue which was "ignored" by appellate counsel. It follows that appellate counsel was not deficient in failing to pursue such a claim nor has the requisite prejudice been shown. *Strickland*, supra; *Battles*, supra at 704 (1) (a).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Baker, Donelson, Bearman & Caldwell, Ivy N. Cadle, Sarah L. Gerwig-Moore,* for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.